UNITED STATES BANKRUPTCY COURT
FOR THE MARYLAND DISTRICT
BALTIMORE DIVISION

FILED
JUL 3 1 2012
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

IN RE:                              *   CASE NO. 12-18903-DER
                                    *   CHAPTER 13
Michael Allan McNeil                *
                                    *
                                    *
DEBTOR                              *
                                    *   OBJECTION TO PROOF OF CLAIM

Comes now Michael Allan McNeil, and respectfully objects to the Proof of Claim filed by V. Peter Markuski, Jr., Esq through his attorney Jeffrey Wayne Bernstein Information regarding the objection is as follows:

1. NAME AND ADDRESS OF CLAIMANT: V. Peter Markuski, Jr., Esq, Goozman, Bernstein & Markuski, 9101 Cherry Lane, Laurel, MD 20708-1147

2. Attorney of Record and Address: Jeffrey Wayne Bernstein, Goozman, Bernstein & Markuski, 9101 Cherry Lane, Laurel, MD 20708-1147

3. Date Claimed File: July 16, 2012

4. Clerk Claim Number: Claim #3

5. Grounds For Objection:

    a) The award of attorney's fees are not a child support in that:

        1. The attorney's fees were awarded as a sanction against the debtor by the Circuit Court For Howard County for his bad behavior.

2. The attorney's fees were awarded by the Circuit Court For Howard County to pay for Mr. Markuski's representation of Sarah P. McNeil in various contempt hearings.

3. The attorney's fees were used for issues concerning property settlement.

4. The attorney's fee were used to assist Sarah P. McNeil before the Circuit Court For Howard County to prevent Alimony from being terminated.

5. The attorney's fees were never determined by the Circuit Court For Howard County to be child support.

6. Maryland Court's nor does Maryland Law make any determination that Best Interest Attorney's Fees are child support.

7. Even if the Best Interest Attorney's fees were considered Child Support, the amount so order falls so far afield from Maryland State's Child Support Guidelines as to make them unlawful.

8. Neither the debtor's children or his estranged wife will become responsible for these fees if the fees are discharged.

9. Maryland Law requires that Best Interest Attorney's fees fall within a parents ability to pay. However, in this case, the Best Interest Attorney financed his fees contrary to the Maryland Lawyer's Rules of Professional Conduct Rule Rule 1.5 (d)

   *A lawyer shall not enter into an arrangement for, charge, or collect: (1) any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or custody of a child or upon the amount of alimony or support or property settlement, or upon the amount of an award pursuant to Md. Code, Family Law Article, §§8-201 through 213; or*

10. The Best Interest Attorney's bill is Fraudulent in that he padded the amounts the the intention of only seeking payment from the debtor for his "work" and never taking action against Sarah P. McNeil for the other portion of the fees so awarded by the Circuit Court For Howard County.

11. The Orders that were obtain by the Best Interest Attorney for his fees are a result of "Fraud Upon The Court" whereas the Circuit Court For Howard County refused to supervise the Best Interest Attorney's use of the monies that it ordered the debtor to pay, nor did the Circuit Court For Howard County ensure that it's own orders concerning reporting requirement by the Best Interest Attorney was followed, nor did the Circuit Court For Howard County ensure that its order for attorney's fees was in the debtors ability to pay such fees as ordered within the time allotted. Nor did the Circuit Court examine such fees to see if they were for the benefit of the debtor's children. In essence, the Circuit Court For Howard County rubber stamped any charge that the Best Interest Attorney made to be paid by the debtor. Therefore all orders concerning Best Interest Attorney's fees are void.

b) Creditor's claim states that it is secured by Real Estate. However, as it stands, it is unclear if the debtor has any Real Estate for the creditor to have a lean on. And in any event the lean is not perfected, and any such orders by the Circuit Court For Howard County are void in that they are the result of "Fraud Upon The Court".

WHEREFORE, debtor requests that the claim of the creditor be disallowed completely.

*/s/ Michel A. McNeil*
Michel A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD  21046
410-505-8617
mamcneil@gmail.com

### NOTICE

If the relief sought in this Motion is opposed, a written response to the Motion must be filed within thirty (30) days after the date on the certificate of service of the objection, the claimant may file and serve a memorandum in opposition, together with any documents and other evidence the claimant wishes to attach in support of its claim, unless the claimant wishes to rely solely upon the proof of claim; and an interested party may request a hearing that will be held at the court's discretion.
The Court is authorized to grant the relief requested without further notice should a timely response not be filed.

FILED
JUL 31 2012
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection to Proof of Claim was served on the parties listed below by ordinary U.S. Mail or served electronically through the Court's ECF System at the e-mail address registered with the Court on this 31st day of July 2012.

Jeffrey Wayne Bernstein
Goozman, Bernstein & Markuski
9101 Cherry Lane, Suite 207
Laurel, MD 20708-1147

Michael A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD  21046
410-505-8617
mamcneil@gmail.com