FILED

SEP - 4 2012

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

UNITED STATES BANKRUPTCY COURT
FOR THE MARYLAND DISTRICT
BALTIMORE DIVISION

IN RE:                            :       CASE NO. 12-18903-DER
                                          CHAPTER 13
MICHAEL ALLAN MCNEIL
                                  :

DEBTOR
                                  :       OBJECTION TO PROOF OF CLAIM

Comes now Michael Allan McNeil, and respectfully objects to the Proof of Claim filed by V. Peter Markuski, Jr. Esq, through his attorney Jeffery Wayne Bernstein.

Information regarding the objection is as follows:

1. NAME AND ADDRESS OF CLAIMANT: V. Peter Markuski, Jr., Esq. Goozman, Bernstein & Markuski 9101 Cherry Lane Laurel, MD 20708-1147

2. Attorney of Record and Address: Jeffery Wayne Bernstein, Goozman, Bernstein & Markuski 9101 Cherry Lane Laurel, MD 20708-1147

3. Date Original Claimed File: July 31, 2012

4. Clerk Claim Number: Claim #4

5. Grounds For Objection:

   a.) The attorney's fees are not child support in that:

      1. There has been no award of fee's claimed by any court that the creditor is claiming.

      2. Presumably the creditor's claim has to do with the Howard County Circuit Court entered on March 23, 2009 appointing Peter Markuski as council for the Debtor's children in McNeil v. McNeil. (ECF 47, Exhibit 1)

      3. The aforementioned order concerning council for debtors children ordered that the Debtor pay into a trust account within 10 days of the order $4000.00 and that the Creditor would draw upon this account upon submissions of monthly

statements. It further ordered that the final costs will be apportioned by the Court at the time of the merits hearing which obviously concluded prior to the Judgment of Absolute Divorce which was entered on December 27, 2010. (ECF 46, Exhibit 5)

4. MD Rule 9-205.1 (c) States the following:

   (1) Content.-An order appointing child's counsel shall:

   (A) specify whether the attorney is to serve as a Child's Best Interest Attorney, Child's Advocate Attorney, or Child's Privilege Attorney;

   (B) authorize the appointed attorney to have reasonable access to the child and to all otherwise privileged or confidential information about the child, without the necessity of any further order of court or the execution of a release;

   (C) permit the attorney to participate in discovery under Title 2 of these Rules as though the child were a party;

   (D) provide that the service and notice provisions in Title 1 of these Rules apply as though the child were a party;

   (E) state any other duties or responsibilities required by the court;

   (F) state when the appointment terminates; and

   (G) unless the attorney has agreed to serve pro bono publico, include provisions concerning compensation for the attorney.

5. According-ling, since the appointment order does to fulfilled the requirement set out in MD Rule 9-205.1(c)(F) in that the order NEVER states when the appointment of council ends, the order is completely invalid and unenforceable.

6. Due to the fact that the aforementioned ordered states a termination date and the order is invalid, the Creditor was and is not authorized to represent the Debtors' children and demand payment for his services.

7. In any event, the Creditor is now demanding payment of attorney's fee's for work done well after a Final Order concerning McNeil v. McNeil was entered on December 27, 2010.

8. Additionally, Maryland Law Requires a parent so order to pay attorney's fee's for his child must have an ability to pay. Accordingly, this Court needs to determine if Debtor has the ability to pay.

WHEREFORE, debtor requests that the claim of the creditor be denied in whole.

*/s/ Michel A. McNeil*
Michel A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com

## NOTICE

If the relief sought in this Motion is opposed, a written response to the Motion must be filed within thirty (30) days after the date on the certificate of service of the objection, the claimant may file and serve a memorandum in opposition, together with any documents and other evidence the claimant wishes to attach in support of its claim, unless the claimant wishes to rely solely upon the proof of claim; and an interested party may request a hearing that will be held at the court's discretion.

The Court is authorized to grant the relief requested without further notice should a timely response not be filed.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection to Proof of Claim was served on the parties listed below by ordinary U.S. Mail or served electronically through the Court's ECF System at the e-mail address registered with the Court on this 4th day of September 2012.

Jeffery Wayne Bernstein
Goozman, Bernstein & Markuski
9101 Cherry Lane Laurel, MD 20708-1147

Nancy Spencer Grigsby
4201 Mitchellville Rd Suite 401
Bowie, MD 20716

Michel A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com

2012-09-04 Objection to Claim Number 4.odt