UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MARYLAND

AT GREENBELT

FILED

SEP 2 6 2012

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

| | | |
|---|---|---|
| IN RE   Michael McNeil | * | Case No. 12-18903  DER |
| Debtor | | Chapter 13 |
| | * | |
| Sarah McNeil | | |
| Movant | | |
| vs. | * | |
| Michael McNeil | | |
| Respondent | * | |

## CLAIM OF FULL OWNERSHIP OF MARITAL PROPERTY

## MOTION FOR RELIEF OF AUTOMATIC STAY OF "PLAINTIFF'S MOTION FOR CLARIFYING ORDER TO ALLOW REFINANCE OF REAL PROPERTY"

Comes now the creditor, Sarah McNeil, Pro Se, to hereby file this Motion for removal of Automatic Stay of the "Clarifying Order To Allow Refinance of Real Property" filed in the Circuit Court of Howard County, Case # 13C08075254, Seq./No 366/0 for reasons stated:

1. On December 27, 2010, in the Circuit Court for Howard County, this creditor, Sarah P. McNeil, was granted a Judgment of Absolute Divorce against the Debtor on the grounds of cruelty of treatment, excessively vicious conduct, constructive desertion, and a two-year separation.  This creditor, the Plaintiff in the Howard County case, was awarded sole legal and physical custody of the minor children, Adam Ruari McNeil and Tevia Anne McNeil.

2. In the same judgment, Sarah P. McNeil was awarded ownership of the marital property known as 4721 Middle Court, Ellicott City, Maryland 21043, contingent upon the ability of refinancing the Home within ninety (90) days of the signed Decree. (A copy of the Judgment of Absolute Divorce is already filed with this court.)

3. Mr. McNeil, the Debtor, was ordered to execute a Deed to effectively transfer his interest in the parcel of real property to Sarah P. McNeil. If he refused to execute and return the Deed, a Trustee would be appointed by the court in order to execute the same on behalf of Mr. McNeil.

4. Sarah P. McNeil was approved for refinancing of the once marital home within the ordered time (Exhibit A: Plaintiff's Motion for Clarifying Order to Allow Refinance of Real Property with attached exhibit A), and a date was set for the completing the action.

5. Mr. McNeil refused to sign the Deed as was required by the Court's Judgment of Absolute Divorce. A Trustee was appointed by the court on March 01, 2011. Learning of the Court's Order appointing a Trustee, the Debtor filed an appeal against the Order of the Appointed Trustee in order to hinder the completion of the refinance by Sarah P. McNeil. Mr. McNeil also contacted the mortgage lender seeking to block the refinance. Slanderous information was included in the document sent by Mr. McNeil. (Included in Exhibit A: Plaintiff's Motion for Clarifying Order to Allow Refinance of Real Property with attached exhibit A). Furthermore, Mr. McNeil filed multiple appeals against the Judgment of Absolute Divorce.

6. Had the Debtor effectuated the orders of the Judgment of Absolute Divorce, Sarah P. McNeil would have completed the refinance and acquired the Home awarded to her for her use and for the use and stability of the minor children.

7. A motion for a Clarification Order was filed for Sarah P. McNeil on November 30, 2011, after the completion of the Special Appeals process. (Exhibit A).

8. The Best Interest Attorney in the Divorce case requested for relief to be granted to Sarah McNeil in an answer to the Motion in order to keep a stable environment for the children. (Exhibit B).

9. Clarification is indicated for this case and is necessary to enforce the judgment awarded to Sarah P. McNeil on specific grounds. "While a trial court does not have continuing Jurisdiction to modify a marital property division incident to a divorce…it has the power to clarify and construe its original property division so as to effectuate its judgment." Gordon v. Gordon (2001), 144 Ohio App.3d 21, 24, 759 N.E.2d 431,

citing R.C. 3105.171(I).

Sarah P. McNeil is seeking to effectuate the orders of the original Divorce Decree.

10. The Debtor filed for Chapter 13 on May 10, 2012 which automated the Automatic Stay.

11. The Debtor filed a Suggestion of Bankruptcy within the Howard County Circuit on May 14, 2012.

12. The Debtor files this lawsuit on May 15, 2012.

13. Sarah McNeil, through her lawyer, Cary Jacobson, files a Stay of Bankruptcy on May 16, 2012. This was the date for the hearing of these two charges against the debtor. The case was not heard in the court and the Stay was granted (Exhibit C).

14. The Debtor in this case believes he now owns fifty percent (50%) of the asset in the Home simply because he prevented the refinance *by not obeying the orders of the Circuit Court in Howard County*. Again, his cruelty of treatment continues against Sarah P. McNeil.

15. This creditor is not asking for the court to "modify its Final Order of Judgment of Absolute Divorce" as stated by the Debtor in Paragraph 24 of his complaint, but for the decree to be followed and executed. "A proper clarification order is consistent with the prior judgment and 'merely enforces by appropriate order the controlling settlement agreement." Wright, 32 S.W.3d at 984 (quoting Young v. Young, 810 S.W.2d 850, 851) The Clarification Order is to ensure the implementation of the original Decree.

**WHEREFORE,** this creditor, Sarah P. McNeil, respectfully requests that this Honorable Court allow for Relief of the Stay in the Case # 13C08075254, Seq./No 366/0 in Howard County, "Plaintiff's Motion For Clarifying Order To Allow Refinance Of Real Property" in order for the Howard County Circuit Court to clarify the Judgment of Absolute Divorce granted to Sarah P. McNeil. This is a necessary action in order to complete the Debtor's Chapter 13 case, since he continues to claim fifty percent (50%) of the marital property as his asset.

Respectfully Submitted,

*Sarah P McNeil*

Sarah P. McNeil,
creditor



# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2012, I mailed a copy of the foregoing, first class, postage pre-paid, a copy of the foregoing "CLAIM OF FULL OWNERSHIP OF MARITAL PROPERTYMOTION FOR REMOVAL OF STAY OF CLARIFICATION ORDER IN HOWARD COUNTY COURT" to the following:

Michael McNeil

7014 Gentle Shade Road, Apt. 402

Columbia, MD  20146

Nancy Spencer Grigsby

4201 Mitchellville Rd

Suite 401

Bowie, MD  20716

*Sarah P McNeil*

Sarah P. McNeil

Creditor

*FILED SEP 26 2012 U.S. BANKRUPTCY COURT DISTRICT OF MARYLAND GREENBELT*

# EXHIBIT A

Case No. 12-18903 DER

Motion for Relief of Automatic Stay

| | | |
|---|---|---|
| SARAH McNEIL | * | IN THE |
| *Plaintiff* | * | CIRCUIT COURT |
| vs. | * | FOR |
| MICHAEL ALLAN McNEIL | * | HOWARD COUNTY, MD |
| *Defendant* | * | |
| | * | Case No.: 13-C-08-075254 |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S MOTION FOR CLARIFYING ORDER
## TO ALLOW REFINANCE OF REAL PROPERTY

Comes now the Plaintiff, SARAH McNEIL, by and through her attorney: Stephen A. Drazin, and hereby files this Motion for a Clarifying Order and for reasons states:

1. According to this Court's Judgment of Absolute Divorce in this matter (entered on December 27, 2011 as Doc.No.: 220,000), the Plaintiff had until March 27, 2011 to refinance or assume the parties' mortgage on the once marital home.

2. As reflected within the Court's record, albeit the Plaintiff was approved for refinancing of the once marital home, despite repeated efforts by the Plaintiff to obtain the Defendant's signature on the Deed, the Defendant refused to sign any Deed as was required by this Court's Judgment of Absolute Divorce.

3. As a result of the Defendant's refusal, this Court appointed a Trustee to sign the requisite Deed in lieu of the Defendant on March 01, 2011 (See Doc.Nos.: 252,000 and 253,000).

4. Upon learning of this Court's Order appointing Trustee, the appointed Trustee immediately signed the Deed to allow the Plaintiff's refinance to occur on March 03, 2011 @ 5:00 p.m. as scheduled.

5. The Defendant, upon learning of this Court's Order appointing Trustee, on March 02, 2011, filed an appeal and contacted the Plaintiff's Mortgage Lender effectively blocking the refinance. Attached hereto, and incorporated by reference herein as <u>Exhibit A</u>, is a true and correct copy of the Defendant's correspondence to the Mortgage Lender.

**DRAZIN LAW**
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7811

**DRAZIN LAW**
9 Center Place
Second Floor
Dundalk, MD 21222

6. Pursuant to the Judgment of Absolute Divorce, prior to the Defendant's improper actions of March 02, 2011, as outlined with paragraph five above, the Plaintiff still had twenty-six (26) days to effectuate the refinance or assumption and, if the Defendant would have signed the Deed as repeatedly presented to him, the Plaintiff would have still had sixty (60) or so days to effectuate the refinance or assumption of the of the mortgage.

7. Albeit the Court of Special Appeals has now denied the Defendant's Appeal and ratified in its entirety this Court's Order Appointing Trustee and the Judgment of Absolute Divorce, in order for the refinance or assumption to occur due to the Defendant's actions and according to the Mortgage Lender, a "Clarifying Order" is required stating, in essence, that the Plaintiff has thirty (30) to sixty (60) days remaining to refinance or assume the mortgage on the once marital home.

8. If a Clarifying Order is not issued by this Honorable Court, effectively the once marital home – over which the Plaintiff was granted Use and Possession in the best interests of the parties' minor children – will be eventually sold at the expiration of the Use and Possession period to the detriment of the minor children and the Plaintiff.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

a.) Issue its "Clarifying Order" clarifying that due to the Defendant's Appeal and improper actions in communicating with the Mortgage Lender, the Plaintiff has sixty (60) days from the entry of such order to refinance or assume the mortgage; and,

b.) Award the Plaintiff such other and further relief as the nature of her cause may require.

THE DRAZIN LAW CENTER, P.A.

by: *[signature]*
Stephen A. Drazin
10420 Little Patuxent Parkway, Suite 100
Columbia, MD 21044
410-730-6536
*Attorney for the Plaintiff*

DRAZIN LAW
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7311

DRAZIN LAW
9 Center Place
Second Floor
Dundalk, MD 21222

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of November, 2011, I mailed a copy of the foregoing, first class, postage pre-paid, a copy of the foregoing "Plaintiff's Motion for Clarifying Order to Allow Refinance of real Property to the following:

Michael McNeil
7807 Quill Pont Drive
Bowie, Maryland 20720
*Pro se Defendant*

V. Peter Markuski
9101 Cherry Lane
Suite 207
Laurel, MD 20708
*Best Interest Attorney*

_____
Stephen A. Drazin

**DRAZIN LAW**
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7311

**DRAZIN LAW**
9 Center Place
Second Floor
Dundalk, MD 21222

# EXHIBIT A

**DRAZIN LAW**
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7311

**DRAZIN LAW**
9 Center Place
Second Floor
Dundalk, MD 21222



CERTIFIED MAIL™

9171 9690 0613 0010 0419 54
RETURN RECEIPT REQUESTED

Flagship Mortgage Corporation
5235 West View Dr - Ste 100
Frederick, Maryland 21703

Michael J. McNeil
7020 Gentle Shade Road
Apartment 301
Columbia, MD 21046

 

**Michael A. McNeil**
**7020 Gentle Shade Road**
**Apartment 301**
**Columbia MD, 20146**
**(410) 505-8617**

**March 2, 2011**

**Sent via Registered-Certified-Signature**
**Signature Required- First Class Mail**
**on March 2, 2011**

Flagship Mortgage Corporation
8740 Orion Place
Columbus, OH 43240

RE: Approval For Sarah P. McNeil Refinancing home located at 4721 Middle Court, Ellicott City MD, 21043

Dear Sir or Mam,

    I have been informed via court filing that Ms. Sarah P. McNeil my ex-wife has gained some kind of approval through your company to refinance the marital home. However, in her application to refinance the home located at 4721 Middle Court, Ellicott City MD, 21043, somehow I doubt if she was forth coming about her financial circumstances, or the circumstances relating to the ownership of the property.

    With this said I will first bring to your attention the attached email from Craig Copen who's email address is ccopen@flagshipmortgage.net, sent a email to Mr. Drazin, Sarah McNeil's divorce attorney, in this email he acknowledges the fact that Sarah McNeil will have difficulty in obtaining my required signature to transfer title to the property to Sarah P. McNeil and ask Sarah McNeil's attorney to obtain authorization from the court on how to move forward.

    After which, Mr. Drazin sent a letter to a Howard County Court Judge asking for an order appointing him as Trustee on February 25, 2011. After which, the Howard County Circuity Court Judge signed an order appointing him as Trustee on March 1, 2011.

    On March 2, 2011 I have filed Notice of Appeal concerning the order appointing Mr. Drazin as Trustee. This Notice of Appeal with stamp indicated that it was filed on March 2, 2011 is attached.

    Also, you should be made aware that on January 26, 2011 I filed a timely Notice of Appeal concerning the Judgment of Absolute Divorce, which I am appealing he matters of property settlement, the monetary award, attorney fees, non tax deductible alimony, and the grounds for divorce.

    With this said, the question of the final disposition of the property located at 4721 Middle Court, Ellicott City MD, 21043 is clearly still in dispute along with any assets that Sarah P. McNeil may have claimed on her loan application along with her income that she is given via court ordered alimony.

    And since I have appealed the Judgment of Absolute Divorce and the order appointing Mr.

2011-03-02 Letter to Flagship Mortgage Corporation.odt

Drazin as trustee, these order very well be vacated at a future date. Therefore, if the Title Insurance Company or the Lender should accept Mr. Drazin's signature along with the orders appointing him as trustee and complete this transaction, they may find at a future date that they have an outstanding unsecured loan against Sarah P. McNeil since if the Court of Special Appeals of Maryland may very decided to VACATE all the order of the Howard County Circuit Judge, and I once again become either part owner or perhaps even whole owner.

In any event, if I should become owner in part or in whole, I will for certain take action to removed in leans against the property that I have not agree to, and the Lender or the Title Company will have to take the loss.

Additionally, if the Lender and the Title Company should desire to take on this obvious risk, it is of no concern of mine. However, the lender may also want to inquire as to the debt that Sarah P. McNeil has incurred from her own attorney Stephen Drazin along with the court ordered debt that she has incurred owed to V. Peter Markuski, Jr. From various court filings that are in the public record, her bills are greater than my own salary which is over six digits, and would seem impossible for her to pay off since according to the public record Ms. Sarah P. McNeil has refused to work since 1995.

All of this information is easily obtained by visiting the Circuit Court House For Howard Count, located in Ellicott City, Maryland. The information is part of the public record and is open to all to view.

In any event, I believe the Title Company and the Lender are entitled to this information so that they can determine if they want to take on the risk.

Additionally, I believe that Flagship Mortgage Corporation has a fiduciary responsibility to the Title Company and the Lender to forward this letter to them so that they are made aware of the risk. And that failure to inform the Title Company and the Lender will be considered a willful and/or fraudulent act.

Please feel free to contact me via email at mamcneil@gmail.com or call me at (410) 505-8617 if you have any further questions.

Sincerely,

Michael A. McNeil

CF:
Flagship Mortgage Corporation
5235 West View Dr - Ste 100
Frederick, Maryland 21703

## Stephen Drazin

**From:** Craig Copen [ccopen@flagshipmortgage.net]
**Sent:** Tuesday, February 22, 2011 10:31 AM
**To:** Stephen Drazin
**Subject:** mcneil, sarah p

Mr. Drazin,
Sarah McNeil's refinance is approaching completion. The final title and deed procedures are going to require Mr. McNeil's signatures. Sarah McNeil has informed me Mr. McNeil may be less than cooperative. Per our conversation, can you please obtain authorization from the court to move forward?

Craig Copen
Flagship Mortgage
6148074224
6148074290 (f)

2/22/2011

IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

| | | |
|---|---|---|
| SARAH MCNEIL | * | |
| Plaintiff/Counter Defendant | * | |
| v. | * | Case No. 13-C-08-075254 DL |
| MICHAEL ALLAN MCNEIL | * | |
| Defendant/Counter Plaintiff | * | |

## NOTICE OF APPEAL

Notice is hereby given that Michael A. McNeil, hereby appeals to the Court of Special Appeals of Maryland, gives Notice of Appeal concerning the order(s) appointing Stephen Drazin, as Trustee, who is also the Plaintiff's attorney in this same action. This order appointing Stephen Drazin as trustee was docketed on March 1, 2011.

Michael A. McNeil "Pro Se"
7020 Gentle Shade Road
Apartment 301
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com

FILED
'11 MAR -2 AM 9:26
CIRCUIT COURT
HOWARD COUNTY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of March 2011, a copy of the aforegoing was sent via first class mail, postage prepaid, to: Stephen A. Drazin, Esq., The Drazin Law Center, P.A., 10420 Little Patuxent Parkway, Suite 100, Columbia, MD 21044 and V. Peter Markuski, Jr., Esq., Goozman, Bernstein & Markuski, 9101 Cherry Lane, Laurel, MD 20708-1147

Michael A. McNeil



# EXHIBIT B

Case No. 12-18903 DER

Motion for Relief of Automatic Stay

IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

SARAH MCNEIL                                  :

      Plaintiff                             :

vs.                                           : Case No.: 13-C-08-075254

MICHAEL MCNEIL                                :

      Defendant                             :

<u>BEST INTEREST ATTORNEY ANSWER TO PLAINTIFF'S MOTION FOR CLARIFYING ORDER TO ALLOW REFINANCE OF REAL PROPERTY</u>

The Best Interest Attorney, V. Peter Markuski, Jr., in Answer to the Plaintiff's Motion for Clarifying Order to Allowing Refinance of Real Property, respectfully states as follows:

1.    That the Best Interest Attorney, V. Peter Markuski, Jr., admits the allegations contained in Paragraph 1 of the Plaintiff's Motion to Clarify.

2.    That the Best Interest Attorney, V. Peter Markuski, Jr., is without sufficient knowledge, information or belief to admit or deny the allegations contained in paragraph 2 of the Plaintiff's Motion to Clarify.

3.    That the Best Interest Attorney, V. Peter Markuski, Jr. admits the allegations contained in Paragraph 3 of the Plaintiff's Motion to Clarify.

4.    That the Best Interest Attorney, V. Peter Markuski, Jr. is without sufficient knowledge, information or belief to admit or deny the allegations contained in Paragraphs 4, 5 and 6 of the Plaintiff's Motion to Clarify.

5.    That the Best Interest Attorney admits the Court of Special Appeals has denied the Appeal and ratified this Court's Order, but the Best Interest Attorney, V. Peter Markuski, Jr., is without sufficient knowledge, information or belief to admit or deny the remaining allegations contained in Paragraph 7 of the Plaintiff's Motion to Clarify.

GOOZMAN,
BERNSTEIN & MARKUSKI
SUITE 207
8101 CHERRY LANE
LAUREL, MD 20708
TEL: 301-953-7480

1

6. That the Best Interest Attorney, V. Peter Markuski, Jr. is without sufficient knowledge, information or belief to admit or deny the allegations contained in Paragraph 8 of the Plaintiff's Motion to Clarify.

7. That it is in the best interests of the minor children to have a stable home and to continue in their current neighborhood and school system.

WHEREFORE, your Best Interest Attorney, V. Peter Markuski, Jr., prays:

1. That the relief requested by the Plaintiff, Sarah McNeil, be granted;

2. And for such other and further relief as this Court may deem just and proper.

GOOZMAN, BERNSTEIN & MARKUSKI

By: _____
V. Peter Markuski, Jr.
9101 Cherry Lane, Suite 207
Laurel, Maryland 20708
301/953-7480
Best Interest Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Best Interest Attorney Answer to Plaintiff's Motion for Clarifying Order to Allow Refinance of Real Property, was mailed, postage prepaid to Stephen A. Drazin, Esquire, Attorney for the Plaintiff, Sarah McNeil, at 10420 Little Patuxent Parkway, Suite 100, Columbia, Maryland 21044 and Michael A. McNeil, Pro Se Defendant, at 7807 Quill Point Drive, Bowie, Maryland 20720, this 7th day of December, 2011.

_____
V. Peter Markuski, Jr.

GOOZMAN,
BERNSTEIN & MARKUSKI
SUITE 207
9101 CHERRY LANE
LAUREL, MD 20708
TEL: 301-953-7480

2

# EXHIBIT C

Case No. 12-18903 DER

Motion for Relief of Automatic Stay

 

| | | |
|---|---|---|
| SARAH McNEIL | * | IN THE |
| *Plaintiff/Counter-Defendant* | * | CIRCUIT COURT |
| vs. | * | FOR |
| MICHAEL ALLAN McNEIL | * | HOWARD COUNTY, MD |
| *Defendant/Counter-Plaintiff* | * | |
| | * | Case No.: 13-C-08-075254 |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**LINE**

TRUE COPY TEST:

*Margaret D Rappaport*

CLERK

Dear Clerk:

Due to the Defendant filing a Notice of Bankruptcy with this Honorable Court on May 14, 2012, please stay the Plaintiff's Fourth Contempt (Doc. No.: 356,000) and the Plaintiff's Motion for Clarifying Order to Allow Refinance of Real Property (Doc. No.: 366,000) until such time as a) the issues within such Motions may be resolved by the United States Bankruptcy Court or b) the conclusion of the Defendant's Bankruptcy proceeding.

So ORDERED

THE DRAZIN LAW CENTER, P.A.

5/14/12 by: _____
Cary C. Jacobson
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044
410-730-6536

**DRAZIN LAW**
10420
Little Patuxent Parkway
Suite 100
Columbia, MD 21044
Phone: 410-730-6536
Facsimile: 410-730-7511

**DRAZIN LAW**
9 Center Place
Second Floor
Dundalk, MD 21222

ENTERED
MAY 18 2012
CLERK, CIRCUIT COURT
HOWARD COUNTY