IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| RE: MICHAEL ALLAN MCNEIL | *  Case No. 12-18903 DER |
| Debtor | *  Chapter 13 |
| _____ | * |
| Sarah McNeil. | * |
| Movant | * |
| v. | * |
| MICHAEL ALLAN MCNEIL | * |
| Respondent | * |
| NANCY SPENCER GRIGSBY | * |
| Trustee | * |

## OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY "PLAINTIFF'S MOTION FOR A CLASSIFYING ORDER TO ALLOW REFINANCE OF REAL PROPERTY"

**COMES NOW**, the Debtor and responds to the Sarah McNeil's motion for relief of automatic stay (ECF 86) and objects to her motion stating the following:

1. The allegations set forth in paragraph 1 of the movant's motion are admitted.

2. The allegations set forth in paragraph 2 of the movant's motion are admitted.

3. The allegations set forth in paragraph 3 of the movant's motion are admitted.

4. The allegations set forth in paragraph 4 of the Movant's motion are admitted, however it is clear that since the movant did not refinance that her approval for refinancing was

1

rescinded.

5. The allegations set forth in paragraph 5 of the Movant's motion are admitted in part. The Respondent made no slanderous allegation, but only informed the Movant's lender of pending court actions which the Movant apparently willful failed to inform the lender so that he can make a decision whether or not to extend credit to the Movant. Which upon learning of the facts that the Respondent provided tot he lender caused the lender to rescind refinancing approval and that the lender provided to the Movant the Respondent's letter to them which was the basis of the lender's decision.

6. The allegations set forth in paragraph 6 of the Movant's motion are denied.

7. The allegations set forth in paragraph 7 of the Movant's motion are admitted.

8. The allegations set forth in paragraph 8 of the Movant's motion are admitted.

9. The allegations set forth in paragraph 9 of the Movant's motion are denied. The orders issued by the Howard County Circuit Court are as clear as they get concerning the property settlement of the Debtor's Family Home. The Movant had 90 days to refinance after the order was entered on December 27, 2010, and if she didn't refinance the home would be sold 3 years later and the proceeds divided 50/50. The Respondent had requested that the Circuit Court Order be stayed pending appeal, and the Movant opposed the stay and thus the Respondent's Appeal had no effect upon the court's permitting her to refinance, unfortunately, for the Movant, apparently her lender did have an issue with the matter and refused to refinance the loan.

10. The allegations set forth in paragraph 10 of the Movant's motion are admitted stating the stay is the Bankruptcy Stay..

11. The allegations set forth in paragraph 11 of the Movant's motion are admitted.

WHEREFORE, the Movant's motion should be denied and his objection substained.

Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court, and/or by first class mail, postage prepaid on October 9, 2012 to:

Sarah P. McNeil
4721 Middle Court
Ellicott City, MD  21043

Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com