

DAVID E. RICE
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL ALLAN McNEIL, | ) | Case No. 12-18903-DER |
| | ) | Chapter 13 |
| Debtor. | ) | |
| _____ | ) | |

**ORDER MODIFYING AUTOMATIC STAY
TO LIMITED EXTENT NECESSARY TO PERMIT RESOLUTION OF
SARAH McNEIL'S MOTION FOR CLARIFYING ORDER PENDING BEFORE
<u>THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND</u>**

The court has before it the Motion for Relief of Automatic Stay of "Plaintiff's Motion for Clarifying Order to Allow Refinance of Real Property" [Docket No. 86] (the "Motion") filed by Sarah McNeil. Michael McNeil, the debtor in this case, filed an Objection to the Motion [Docket No. 106]. Both parties represented themselves at an evidentiary hearing on the Motion held on October 22, 2012. For the reasons that follow, the court has determined that the automatic stay under 11 U.S.C. § 362(a) should be modified to the limited extent necessary to permit resolution of Sarah McNeil's Motion for Clarifying Order to Allow Refinance of Real

Property (the "Motion for Clarifying Order") now pending before the Circuit Court for Howard County, Maryland (the "Circuit Court").

This court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and Local Rule 402 of the United States District Court for the District of Maryland. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(G). This order constitutes the court's findings of fact and conclusions of law in accordance with Rule 52 of the Federal Rules of Civil Procedure (made applicable here by Rules 9014 and 7052 of the Federal Rules of Bankruptcy Procedure).

This matter is one of many disputes stemming from a divorce action filed by Sarah McNeil against Michael McNeil that is docketed in the Circuit Court as McNeil v. McNeil, Case No. 13-C-08-075254. Although there are many issues in dispute between these two parties, the facts necessary for ruling on the Motion are not disputed.

On December 27, 2010, the Circuit Court entered a Judgment of Absolute Divorce (the "Divorce Decree") that, among other things, granted Sarah McNeil a divorce from Michael McNeil. In the Divorce Decree, the Circuit Court also addressed matters related to the ownership, possession, and disposition of the family home owned by Sarah McNeil and Michael McNeil known as 4721 Middle Court, Ellicott City, Maryland 21043 (the "Real Property"). Sarah McNeil contends that under those provisions she is, or is entitled to become, the owner in fee simple of the Real Property. Michael McNeil contends that under those same provisions he retains a 50% ownership interest in the Real Property and is entitled to one-half of the net proceeds when the Real Property is sold after three years of use and occupancy by Sarah McNeil and their minor children.

In November of 2011, Sarah McNeil filed the Motion for Clarifying Order requesting a determination by the Circuit Court that by reason of certain actions taken by Michael McNeil she remains entitled under the Divorce Decree to become the sole owner of the Real Property if she is able to refinance or assume the mortgage within 60 days after entry of the requested clarifying order.  The Motion for Clarifying Order was scheduled to be heard by the Circuit Court on May 14 and May 16, 2012.  Michael McNeil filed his Chapter 13 bankruptcy petition in this court on May 10, 2012.  As a result, the Circuit Court entered an order on May 18, 2012 that stayed the Motion for Clarifying Order pending action in this court.[1]

By the instant Motion, Sarah McNeil asks this court to grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d) so that she may obtain a ruling from the Circuit Court on the Motion for Clarifying Order and, if she prevails, carry out the terms of the clarifying order she anticipates will result in her ultimate sole ownership of the Real Property.  This court need not address, and expresses no opinion on, whether Sarah McNeil or Michael McNeil is likely to or should prevail on what Sarah McNeil characterizes in the Motion as her "claim of full ownership of marital property."  That is a question of Maryland domestic relations and family law to be decided by the Maryland state courts.   To the extent the Circuit Court determines she is entitled to be or become the sole owner of the Real Property as asserted in the Motion for Clarifying Order, Sarah McNeil should be free to act as the owner without interference by this court. To the extent Michael McNeil prevails in the Circuit Court on his contention of a continuing 50%

---

[1] On May 15, 2012, Michael McNeil filed a complaint in this court against Sarah McNeil and her lawyer, Cary Jacobson, asserting that actions taken by them at the hearing in the Circuit Court on May 14, 2012 were willful violations of the automatic stay imposed under 11 U.S.C. § 362(a).  See McNeil v. Jacobson, et al., Adversary Pro. No. 12-0332.  A hearing on cross-motions for summary judgment is scheduled in that adversary proceeding for November 7, 2012, and if necessary a trial on Michael McNeil's complaint is scheduled for December 4, 2012.  This order is entered without prejudice to claims and defenses asserted by the parties in that adversary proceeding.

ownership interest in the Real Property, that interest is property of his bankruptcy estate over which this court has exclusive jurisdiction under 28 U.S.C. § 1334(e) and as to which the automatic stay under 11 U.S.C. § 362(a) shall continue to apply.  In other words, at the time he filed his bankruptcy petition, Michael McNeil's interest in the Real Property was subject to the determination to be made under the Divorce Decree as to whether he (and now his bankruptcy estate) is entitled to retain any ownership interest in that property; a determination that this court finds should be made by the Circuit Court.

In their pleadings and at the hearing, neither Sarah McNeil nor Michael McNeil referred this court to any legal authority to support their respective positions on the Motion.  It is well-settled that property interests are generally determined by state law and "[u]nless some federal interest requires a different result there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."  Butner v. United States, 440 U.S. 48, 55 (1979); see also, Lee v. Anasti (In re Lee), 461 Fed. Appx. 227 (4th Cir. 2012) ("real property law is an area in which federal courts are especially deferential to state courts").  It is also well-settled that bankruptcy courts generally defer to state courts in matters of domestic relations and family law.  In re Robbins, 964 F.2d 342, 344 (4th Cir. 1992) ("bankruptcy courts should grant great deference to state courts in domestic matters"); Caswell v. Lang (In re Caswell), 757 F.2d 608, 610-611 (4th Cir. 1985) ("it was not the 'intent of the new Bankruptcy Code to convert the bankruptcy courts into family or domestic relations courts -- courts that would in turn, willy-nilly, modify divorce decrees of state courts.'") (citing In re Garrison, 5 B.R. 256, 260 (Bankr. E.D. Mich. 1980)).

In addition, bankruptcy courts generally consider a number of factors in determining whether to permit continuation of litigation in another court.  These factors include:

> "(1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court."

In re Robbins, 964 F.2d at 345 (affirming decision of the bankruptcy court to lift the stay to allow state court litigation to continue regarding an equitable distribution dispute between ex-spouses) (citations omitted). This matter, similar to Robbins, also involves the continuing litigation between ex-spouses regarding equitable distribution and the enumerated factors support relief from the automatic stay to permit resolution of the Motion for Clarifying Order by the Circuit Court. As explained above, the Motion for Clarifying Order and what property interest Michael McNeil may have in the Real Property are governed solely by state law and do not require the expertise of this court regarding the Bankruptcy Code. Judicial economy also supports allowing the Circuit Court, which presided over the divorce and entered the Divorce Decree, to interpret its own orders and to determine the respective interests of Sarah McNeil and Michael McNeil in the Real Property. Accordingly, the court finds that there is cause under 11 U.S.C. § 362(d) to grant relief from the automatic stay as provided in this Order.

For the above reasons, it is by the United States Bankruptcy Court for the District of Maryland, sitting at Baltimore,

ORDERED, that the automatic stay under 11 U.S.C. § 362(a) should be, and it hereby is, MODIFIED to the limited extent necessary to permit Sarah McNeil to (i) seek and obtain resolution of her Motion for Clarifying Order to Allow Refinance of Real Property by the Circuit Court for Howard County, Maryland or on appeal by the Court of Special Appeals of Maryland

and/or the Court of Appeals of Maryland, and (ii) if she ultimately prevails on such motion, carry out the terms of a clarifying order determining the conditions under which she may obtain sole ownership of the real property known as 4721 Middle Court, Ellicott City, Maryland 21043; and it is further,

ORDERED, that any and all other relief sought in the Motion should be, and it hereby is, DENIED; and it is further,

ORDERED, that except as provided in this order or another order of this court, the automatic stay under 11 U.S.C. § 362(a) shall remain in full force and effect.

cc:   Debtor - Michael McNeil
      Creditor - Sarah McNeil
      Chapter 13 Trustee - Nancy Spencer Grigsby, Esq.
      Assistant U.S. Trustee - Mark A. Neal, Esq.

**-- END OF ORDER --**