IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| RE: MICHAEL ALLAN MCNEIL | * | Case No. 12-18903 DER |
| Debtor | * | Chapter 13 |
| | * | |
| | * | |

**FILED DEC 13 2012**

### DEBTOR'S/APPELLANT'S OBJECTION TO APPELLEE V. PETER MARKUSKI, JR. DESIGNATION OF THE RECORD

     **COMES NOW**, the Debtor/Appellant and Objection to Appellee V. Peter Markuski Jr.'s Designation of the Record concerning the appeal noted on November 18, 2012 (ECF 165) and states the following:

1. As to jurisdiction, according to *Amedisys, Inc. v. JP Morgan Chase Manhattan Bank as Trustee (In re Nat'l Century Fin. Enters., Inc.)*, 334 B.R. 907, 914 (Bankr. S.D. Ohio 2005)., bankruptcy courts have jurisdiction to here objection concerning designation of the records.

2. Rule 8006 does not spell out how disputes involving a record on appeal should be handled; however, looking to the analogue of Rule 8006--Rule 10(e) of the Federal Rules of Appellate Procedure is appropriate. In *Tobago Bay*, a bankruptcy court applied Appellate Rule 10(e) to strike items designated in the record on appeal because the "Federal Rules of Bankruptcy Procedure d[id] not provide a method to correct or modify the record on appeal[.]" 142 B.R. at 536. *See also GHR Energy Corp. v. Crispin Co. Ltd. (In re GHR Energy Corp.)*, 791 F.2d 1200, 1201 (5th Cir.1986) (noting that Appellate

1

Rule 10(e) applies to bankruptcy appeals); ... *Collier*, □ 8006.03[1] ("It seems sensible to look to the practice and decisions under Appellate Rule 10 for guidelines to understanding Rule 8006.").

3. With the above stated, this court has jurisdiction to hear matters concerning the designation of the record and it can correct it.

4. FRCP Rule 10e Applies and states:

   (e) Correction or Modification of the Record.

   > *(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.*
   >
   > *(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:*
   >
   > > *(A) on stipulation of the parties;*
   > >
   > > *(B) by the district court before or after the record has been forwarded; or*
   > >
   > > *(C) by the court of appeals.*
   >
   > *(3) All other questions as to the form and content of the record must be presented to the court of appeals.*

5. Like wise, to some extend FRAP 30b applies, except Rule 8006 states that the party that designates a transcript need to arranged for the creation of it. In any even FRAP 30b states:

   *All Parties' Responsibilities.*

   > *(1) Determining the Contents of the Appendix. The parties are encouraged to agree on the contents of the appendix. In the absence of an agreement, the appellant must, within 14 days after the record is filed, serve on the appellee a designation of the parts of the record the appellant intends to include in the appendix and a statement of the issues the appellant intends to present for review. The appellee may, within 14 days after receiving the designation, serve on the appellant a designation of additional parts to which it wishes to direct the court's attention. The appellant must include the designated parts in the appendix. The parties must not engage in unnecessary designation of parts of the record, because the entire record is available to the court. This paragraph applies also to*

*a cross-appellant and a cross-appellee.*

*(2) Costs of Appendix. Unless the parties agree otherwise, the appellant must pay the cost of the appendix. If the appellant considers parts of the record designated by the appellee to be unnecessary, the appellant may advise the appellee, who must then advance the cost of including those parts. The cost of the appendix is a taxable cost. But if any party causes unnecessary parts of the record to be included in the appendix, the court may impose the cost of those parts on that party. Each circuit must, by local rule, provide for sanctions against attorneys who unreasonably and vexatiously increase litigation costs by including unnecessary material in the appendix.*

6. Here the Appellant Objects to the following documents to be included in the record so designated by Appellee Markuski and gives notice to the Appellee Markuski that he does not agree that these documents should be include:

   Order Denying Confirmation of Chapter 13 Plan with Leave to Amend, Filed July 25, 2012 (Document 38)

   Transcript Evidentiary Confirmation Hearing, Held July 24, 2012 (Document 37)

   Objection to Confirmation of Chapter 13 Plan, Filed July 18, 2012 (Document 35)

   Amended Objection to Conformation of Plan Filed by V. Peter Markuski, Jr. , Filed July 16, 2012 and Exhibits thereto (Document 34)

   Amended Statement of Financial Affairs on behalf of Michael Allan McNeil Filed by Michael Allan McNeil, Filed July 12, 2012 (Document 32)

   Amended Schedules filed: Schedule E, Amended Summary of Schedules by Michael Allen McNeil, Filed July 7, 2012 (Document 31)

   Schedules A-J Summary of Schedules Filed by Michael Allan McNeil, Filed May 24, 2012 (Document 18)

   Chapter 13 Plan Filed by Michael Allan McNeil, Filed May24, 2012 (Document 16)

>Chapter 13 Statement of Current Monthly and Disposable Income on Behalf of Michael Allan McNeil Filed by Michael Allan McNeil, Filed May 24, 2012 (Document 15)
>
>Chapter 13 Voluntary Petition Filed by Michael Allan McNeil, Filed May 10, 2012 (Document 1)

7. The issues on appeal are whether or not trial court error in determining Appellee's Markuski and Drazin claims were Domestic Support Orders (DSO), whether or not the Bankruptcy court made an error when it determined that the nature of those claims were DSO's outside of a Adversary Proceeding, and since the Bankruptcy Court was in error bases when it denied confirmation based off the aforementioned DSO not being paid in full (ECF 177). All these matters were heard on and ruled on in the September 25, 2012 hearing.

8. On December 11, 2012, Appellee Markuski submitted a designation of the record. (ECF 204)

9. All the Documented so Designated by Appellee Markuski being objected to have no direct correlation to the matter being appeal.

10. All the Documents so designated by the Appellee Markuski and objected to were designated so that the Appellant's cost of appeal would be increased.

11. It is highly doubtful that any of the Appellee's will make any references to these documents that are being objected to.

12. The orders of this court that the Appellant is appealing have to do with a denial of the Appellant's second bankruptcy plan which did not provide for 100% payment of what this court determined to be DSO's, which was only heard and ruled upon at the last

confirmation hearing.

13. Arguably, the Appellant's amended scheduled and petition for bankruptcy was reviewed by this court, but none of those documents were used in this court making its ruling, nor were they a basis for this court denying the Appellant's confirmation plan.

14. This court should strike the aforementioned documents from record that is to go forward to the District Court for the Appellant's appeal.

15. The Appellant/Debtor will incur additional costs in reproduction cost and perhaps taxed the cost of the creating of unnecessary transcripts.

16. The Appellee Markuski designated these documents to vex the Appellant.

**WHEREFORE,** the Appellant/Debtor prays that this court would strike the aforementioned documents from the record that is to go forward as part of the appeal noted on November 19, 2012 or order that the Appellee Markuski forward to the Appellant the costs added by including these documents in the Appellant's Appendix.

*[signature]*
Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was by first class mail, postage prepaid on December 13, 2012 to:

Jeffery Wayne Bernstein
Goozman, Bernstein & Markuski
9101 Cherry Lane
Suit 207
Laurel, MD 20708-1147

**Cary C Jacobson**
THE DRAZIN LAW CENTER, PA
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044

**Nancy Spencer Grigsby**
4201 Mitchellville Rd. Ste 401
Bowie, MD 20716
(Chapter 13 Trustee)

**Office of The United States Trustee**
101 West Lombard Street
Suite 2625
Baltimore, MD 21201

FILED
DEC 13 2012

_____
Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com