IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| MICHAEL ALLAN MCNEIL | * | Case No.: 12-18903 DER |
| Debtor | * | Chapter 7 |

* * * * * * * * * * * *

**TRUSTEE'S RESPONSE TO DEBTOR'S OBJECTION
TO MOTION TO COMPROMISE CONTROVERSY**

The Chapter 7 Trustee, Brian A. Goldman (the "Trustee"), by his undersigned counsel, hereby files this Response to the Debtor's Objection to the Trustee's Motion to Compromise Controversy (the "Objection") with state court Defendants, Henry E. Weil ("Weil") and Belli, Weil & Grozbean, P.C. (collectively "Defendants"). The Trustee respectfully requests that this Court approve the Motion to Compromise Controversy (the "Motion") because the Debtor does not have standing to object and because the Motion represents the only way in which the Debtor's creditors can benefit from the state court litigation against Defendants. In further support the Trustee states as follows:

**BACKGROUND**

1. On May 10, 2012, Michael Allan McNeil ("the Debtor") filed a voluntary petition under Chapter 13 of Title 11 of the United States Code. On January 22, 2013, the Debtor's case was converted to a case under Chapter 7 of Title 11 of the United States Code (Doc. No.: 240).

2. Brian A. Goldman ("Trustee") was appointed the Chapter 7 Trustee.

3. On June 20, 2012, the Debtor filed a three (3) count complaint against Defendants in the Circuit Court of Maryland for Harford County in Case No.: 13-C-12-091223 seeking damages based on Defendants' alleged Breach of Contract and Legal Malpractice (the "State Court Action"). The Debtor subsequently filed an amended complaint that included the same

157348/15432.101

three (3) counts and additionally added counts of: Violation of Maryland State's Usury Laws, Fraudulent Retainer Agreement, and Fraudulent Claim.

4. Defendants have categorically denied the Debtor's allegations and consequently filed a Motion to Dismiss the State Court Action that was <u>successful</u> in having all but one (1) count dismissed, the subject of which is pending a Second Motion to Dismiss in the State Court Action that was stayed pending the bankruptcy.

5. In light of the current procedural posture, the Trustee understands that the Second Motion to Dismiss will likely be successful, leaving the Debtor with no further avenue of recourse against the Defendants, and of course, no form of recovery for the bankruptcy estate.

6. Further, since the likely outcome of the State Court Action is a total dismissal of the Debtor's claims, there is <u>no</u> "surplus" due the bankruptcy estate that could provide the Debtor with standing to object. Accordingly, the Objection should be denied.

## ARGUMENT

### I.  The Debtor Does Not Have Standing To Objection To the Motion

7. In the Objection, the Debtor asserts "Chapter 7 Debtors have standing to object to *any action* whereas the debtor has a clear financial interest in the outcome of the process where the debtor would be aggrieved." *See* Objection, p. 6. For this sweeping proposition, the Debtor cites to *In re Choquette*, 290 B.R. 183 (Bankr. D. Mass. 2003). Having read the case a number of times, the Trustee cannot find any support for the Debtor's assertion. Rather, *Choquette* is a case that dealt specifically with a Debtor's ability to object to a creditor's proof of claim. *Id*. at 187.

8. In the broader context, the Debtor is absolutely correct that an insolvent debtor is not a party in interest to the substantive issues of his bankruptcy case and therefore lacks any standing because he has no pecuniary interest in the distribution of his assets among his

157348/15432.101                                2

creditors.  *See* 3 J. Moore & L. King, *Collier on Bankruptcy* ¶ 57.17[2.1], pp. 275-277 (14th ed. 1977); 3 L. King, *Collier on Bankruptcy* ¶ 502.01[2] (15th ed. 1985).

9. In *Willemain v. Kivitz*, the Fourth Circuit dealt with a scenario in which a Chapter 7 debtor attempted to object to the sale of his primary residence.  764 F.2d 1019(4th Cir. 1985). The Court found that even if the debtor's objection was sustained, the result would still not provide a surplus to the bankruptcy estate.  *Id*. at 121.  Applying the basic principles of debtor standing, the Court noted that "Willemain lacks a pecuniary interest in this litigation."  *Id*. at 1022.

10. Similarly here, sustaining the Debtor's Objection will not result in a surplus to the bankruptcy estate.

11. The Debtor argues that because he has over $100,000 in non-dischargeable debt and the damages sought in the State Court Action total $1,500,000.00 that this constitutes a surplus providing him with standing to object.

12. Just to be clear on the facts, the Debtor's own schedules list $561,546.33 of total debt. And the damages in the State Court Action represent the Debtor's own *pro se* analysis of the damages *he believes he is entitled to* on a multi-part complaint in which all but one of the counts have been dismissed.  The Debtor's argument for solvency is based on his own bloated demand for damages in the State Court Action that no doubt included some room for settlement negotiation.

13. This is not a scenario in which the Debtor owns a piece of real estate and he has obtained a professional evaluation that differs from the Trustee's and if correct could result in a full distribution to creditors.  This is a number that was assigned to his own case by the Debtor.

157348/15432.101                                              3

Accordingly, the Debtor's own valuation of his case cannot be the sole basis for a finding that there is a surplus in the estate giving rise to a fruitful claim to standing.

14. On the contrary, having discussed the State Court Action in detail with the attorneys employed by the insurance company to represent the Defendants, the Trustee is confident that the Debtor's case is not worth any sum of money that could even come close to making the bankruptcy estate solvent, and is most likely worth zero.

15. Accordingly, the Debtor is simply not in a position of solvency that would allow him to object to the Motion.

## II. The Trustee Is Acting In The Best Interests of Creditors And The Estate

16. While the Debtor has no standing to object, he is correct regarding the basic analytical framework that the Court employs when evaluation a motion to compromise controversy.

17. Specifically, Federal Rule of Bankruptcy Procedure 9019 provides that the Court may approve a compromise or settlement on motion by the trustee and after notice and a hearing. Notice is to be given to all creditors, the debtor, the United States Trustee and to any other entity as the court may direct. Fed. R. Bankr.P. 9019(a).

18. As this Court noted in *U.S. v. Oncology Assoc., P.C. (In re Equimed, Inc.)*, "settlements are to be encouraged." 269 B.R. 139, 149 (D.Md.2001) (citing *In re Smith*, 210 B.R. 689, 692 (Bankr.D.Md.1997)).

19. The proponent of the settlement, in this case the Trustee, "bears the burden of proof that the settlement is both reasonable and in the best interests of the estate." *In re Frye*, 216 B.R. 166, 174 (Bankr.E.D.Va.1997).

20. In *In re Nagle*, this Court reiterated the relevant factors in deciding whether or not to approve a settlement: (1) probability of success in litigation; (2) difficulties, if any, attendant to collection; (3) complexity of litigation, including expense, inconvenience and delay attendant to the litigation; and (4) paramount interest of creditors and proper deference to their reasonable views. 2006 WL 4458701 (Bkrtcy.D.Md.) (citing *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc., v. Anderson,* 390 U.S. 414, 424 (1968)). This Court noted that "the essential inquiry is to determine whether the settlement reached by the parties is fair and equitable and in the best interests of the estate." *Nagle*, at *3. (citing *Drexel Burnham Lambert, Inc. v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.),* 730 F.2d 1128, 1135 (8th Cir.1984)).

21. The Motion in the case at bar satisfies these requirements. First, the probability of success in the underlying litigation is exceedingly low. Almost all aspects of the State Court Action have already been dismissed. And based on the Trustee's conversations with Defendants' counsel, the final count is likely to be dismissed as well. Even if the Trustee were successful in overcoming the Second Motion to Dismiss, the Trustee would still have to litigate the remainder of the case to fruition. Further, the total damages sought by the Debtor is based on <u>all</u> counts of the Amended Complaint. Since most of these counts have now been defeated, the likely recovery is significantly diminished.

22. The difficulties of collecting in this case is not a relevant inquiry as the Defendants have insurance and their insurance carrier is funding the defense.

23. The expense, inconvenience and delay attendant to the litigation all weigh heavily in favor of approving the Motion. The Trustee would likely expend significant estate funds in litigating the State Court Action through the conclusion of a jury trial and could likely come

away with zero recovery for the estate. Litigating the State Court Action will also take a lot of time, a further detriment to the estate and the Debtor's creditors. On the contrary, if this Court approves the Motion, the bankruptcy estate will receive the $20,000 settlement sum almost immediately thereafter.

24. Finally, regarding the paramount interest of creditors, the Trustee has had numerous conversations with Defendants' counsel who are highly confident in their ability to defeat the State Court Action. The only reason Defendants made the settlement offer is because of the likelihood that the Debtor will appeal his inevitable loss in state court which will result in extensive legal fees in the attendant appeal.

25. Defendants made the settlement offer herein in order to have a final resolution on the State Court Action and the only way to do that is to compromise the claim with the Trustee. The bottom line is that this deal is unquestionably in the paramount interests of creditors who would likely receive no distribution whatsoever if the Trustee litigated the State Court Action.

WHEREFORE, the Trustee requests that the compromise of controversy between the Trustee and Defendants be approved.

Respectfully submitted,

/s/ Evan M. Goldman
Evan M. Goldman
Federal Bar No.: 27311
Mark Edelson
Federal Bar No.: 29433
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, Maryland 21093
emg@goldmangoldman.com
(410) 296-0888

Attorneys for Chapter 7 Trustee

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 19th day of April, 2013, copies of the foregoing Response to the Debtor's Objection to the Trustee's Motion to Compromise Controversy were transmitted electronically via the Court's CM/ECF system, or via first class mail to the following:

Office of the U.S. Trustee
Garmatz Courthouse
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201

Michael Allan McNeil
7014 Gentle Shade Road, Apartment 402
Columbia, Maryland 21046

James Dickerman, Esquire
John R. Roche, Esquire
Lauren E. Marini, Esquire
Eccleston and Wolf, P. C.
7240 Parkway Drive, Fourth Floor
Hanover, Maryland 21076

/s/Evan M. Goldman
Evan M. Goldman

157348/15432.101