IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| MICHAEL ALLAN MCNEIL | * | Case No.: 12-18903 DER |
| Debtor | * | Chapter 7 |

\* \* \* \* \* \* \* \* \* \* \* \*

**TRUSTEE'S SECOND MOTION TO COMPROMISE CONTROVERSY**

Pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(3) and 9019(a), the Chapter 7 Trustee, Brian A. Goldman (the "Trustee"), moves this Court to compromise a controversy with Defendants, Henry E. Weil ("Weil") and Belli, Weil & Grozbean, P.C. (collectively "Defendants"), and states as follows.

**PROCEDURAL POSTURE**

1. On May 10, 2012, Michael Allan McNeil ("the Debtor") filed a voluntary petition under Chapter 13 of Title 11 of the United States Code. On January 22, 2013, the Debtor's case was converted to a case under Chapter 7 of Title 11 of the United States Code (Doc. No.: 240).

2. Brian A. Goldman ("Trustee") was appointed the Chapter 7 Trustee.

3. On June 20, 2012, the Debtor filed a three (3) count complaint against Defendants in the Circuit Court of Maryland for Harford County in Case No.: 13-C-12-091223 seeking damages based on Defendants' alleged Breach of Contract and Legal Malpractice (the "State Court Action"). A copy of the docket from the State Court Action is attached hereto and incorporated herein as Exhibit A. On July 23, 2012, the Debtor filed an Amended Complaint that included the same three (3) counts and additionally added counts of: Violation of Maryland State's Usury Laws, Fraudulent Retainer Agreement, and Fraudulent Claim, and demanded a jury trial. *Id*.

158029/15432.101

4. On October 11, 2012, Defendants filed a Motion to Dismiss Amended Complaint, or in the alternative, Motion for Summary Judgment. *Id*. On October 31, 2012, the Debtor filed an Answer in Opposition to Defendants' Motion to Dismiss Amended Complaint, or in the alternative, Motion for Summary Judgment. *Id*. On November 8, 2012, Defendants filed a Reply to Plaintiff's Opposition. *Id*. A hearing in the State Court Action was held on January 3, 2013. *Id*. At that hearing, the Court granted Defendants' Motion to Dismiss Amended Complaint, or in the alternative, Motion for Summary Judgment dismissing Counts I, III, IV, V, and VI of the Amended Complaint with prejudice. A copy of the Court's Order is attached hereto and incorporated herein as Exhibit B. Count II of the Amended Complaint was dismissed without prejudice and the Debtor was granted leave to amend within 30 days. *Id*.

5. On February 13, 2013, the Debtor filed the Second Amended Complaint. On February 28, 2013, Defendants filed a Motion to Dismiss Second Amended Complaint, or in the alternative, Motion for Summary Judgment.

6. Having had numerous discussions with defense counsel regarding the substantive merit of the State Court Action and having reviewed the docket and the pending motions, the Trustee does not believe that there is any merit to the Debtor's Second Amended Complaint and has determined that simply overcoming Defendants' Motion to Dismiss Second Amended Complaint, or in the alternative, Motion for Summary Judgment is unlikely.

7. In order to avoid the inevitable expense, delay, and mutual uncertainty that would result from the Trustee litigating the alleged claims against the Defendants, the Trustee and the Defendants have agreed to settle the State Court Action.

8. The Trustee and Defendants have agreed to compromise the State Court Action by having CNA Insurance pay to the Trustee the sum of $20,000 (the "Settlement Sum").

9. By reason of agreeing to this compromise and agreement, Defendants hereby deny liability of any and every sort and state that they have made no agreement to do or omit to do any act or thing not set forth herein. Defendants further state that this agreement is entered into as a compromise in order to avoid expense and to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including further developments thereof in any way growing out of or connected with the State Court Action.

10. The Settlement Sum will enable the Trustee to make a distribution to creditors. The Trustee received the Settlement Sum on April 8, 2013.

11. All funds received by the Trustee were deposited into the bankruptcy estate's bank account.

12. The Trustee believes this compromise of controversy is fair and reasonable and in the best interest of creditors and requests that the Court approve the foregoing.

## ARGUMENT

**I.  The Trustee Is Acting In The Best Interests of Creditors And The Estate**

13. Federal Rule of Bankruptcy Procedure 9019 provides that the Court may approve a compromise or settlement on motion by the trustee and after notice and a hearing. Notice is to be given to all creditors, the debtor, the United States Trustee and to any other entity as the court may direct. Fed. R. Bankr.P. 9019(a).

14. As this Court noted in *U.S. v. Oncology Assoc., P.C. (In re Equimed, Inc.)*, "settlements are to be encouraged." 269 B.R. 139, 149 (D.Md.2001) (citing *In re Smith*, 210 B.R. 689, 692 (Bankr.D.Md.1997)).

15. The proponent of the settlement, in this case the Trustee, "bears the burden of proof that the settlement is both reasonable and in the best interests of the estate." *In re Frye*, 216 B.R. 166, 174 (Bankr.E.D.Va.1997).

16. In *In re Nagle*, this Court reiterated the relevant factors in deciding whether or not to approve a settlement: (1) probability of success in litigation; (2) difficulties, if any, attendant to collection; (3) complexity of litigation, including expense, inconvenience and delay attendant to the litigation; and (4) paramount interest of creditors and proper deference to their reasonable views. 2006 WL 4458701 (Bkrtcy.D.Md.) (citing *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc., v. Anderson,* 390 U.S. 414, 424 (1968)). This Court noted that "the essential inquiry is to determine whether the settlement reached by the parties is fair and equitable and in the best interests of the estate." *Nagle*, at \*3. (citing *Drexel Burnham Lambert, Inc. v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.),* 730 F.2d 1128, 1135 (8th Cir.1984)).

17. Taking these factors into account, in the Trustee's business judgment, acceptance of the Settlement Sum is a far superior course of action for creditors than attempting to litigate the State Court Action.

18. First, the probability of success in the underlying litigation is exceedingly low. Almost all aspects of the State Court Action have already been dismissed.  And based on the arguments contained in Defendants' Motion to Dismiss Second Amended Complaint or in the Alternative Motion for Summary Judgment, the final count is likely to be dismissed as well. Even if the Trustee were successful in overcoming this hurdle, the Trustee would still have to litigate the remainder of the case to fruition, including a jury trial regarding the standard of malpractice for a legal counsel in a family law matter.

19. Further, the total damages sought by the Debtor is based on <u>all</u> counts of the original Complaint.  Since most of these counts have now been defeated, the likely recovery is significantly diminished.

20. The difficulty associated with collection is a non-factor in this case as Defendants have insurance and their insurance carrier is funding the defense.

21. The expense, inconvenience and delay attendant to the litigation all weigh heavily in favor of approving the instant Motion.  The Trustee would likely expend significant estate funds in litigating the State Court Action through the conclusion of a jury trial and could likely come away with zero recovery for the estate.  Litigating the State Court Action will also take a lot of time, a further detriment to the estate and the Debtor's creditors.  On the contrary, if this Court approves the Motion, the bankruptcy estate will receive the $20,000 settlement sum.

22. Finally, regarding the paramount interest of creditors, the Trustee has had numerous conversations with Defendants' counsel who are highly confident in their ability to defeat the State Court Action.  The only reason Defendants made the settlement offer is because of the likelihood that the Debtor will appeal his inevitable loss in state court which will result in extensive legal fees in the attendant appeal.

23. Defendants made the settlement offer herein in order to have a final resolution on the State Court Action and the only way to do that is to compromise the claim with the Trustee. Accordingly, in the Trustee's business judgment, this deal is unquestionably in the paramount interests of creditors who would likely receive no distribution whatsoever if the Trustee litigated the State Court Action.

WHEREFORE, the Trustee requests that the compromise of controversy between the Trustee and Defendants be approved.

          Respectfully submitted,

          /s/ Evan M. Goldman
          Evan M. Goldman
          Federal Bar No.:  27311
          Mark Edelson
          Federal Bar No.:  29433
          Goldman & Goldman, P.A.
          Foxleigh Building
          2330 West Joppa Road, Suite 300
          Lutherville, Maryland  21093
          emg@goldmangoldman.com
           (410) 296-0888

          Attorneys for Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 6th day of May, 2013, copies of the foregoing Trustee's Second Motion to Compromise Controversy and proposed Order were transmitted electronically via the Court's CM/ECF system, or via first class mail to the following:

Office of the U.S. Trustee
Garmatz Courthouse
101 West Lombard Street, Suite 2625
Baltimore, Maryland 21201

Michael Allan McNeil
7014 Gentle Shade Road, Apartment 402
Columbia, Maryland 21046

James Dickerman, Esquire
John R. Roche, Esquire
Lauren E. Marini, Esquire
Eccleston and Wolf, P. C.
7240 Parkway Drive, Fourth Floor
Hanover, Maryland 21076

/s/Evan M. Goldman_____
Evan M. Goldman

158029/15432.101