IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| RE: Michael Allan McNeil | * | Case No. 12-18903 DER |
| Debtor | * | Chapter 7 |
| | * | |
| | * | |



FILED
MAY 28 2013
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO STRIKE & OBJECTION TO
## TRUSTEE'S SECECOND MOTION TO COMPROMISE CONTROVERSY

This Memorandum of Law is filed in support of the OBJECTION TO TRUSTEE'S SECOND MOTION TO COMPROMISE CONTROVERSY.

## I. FACTS

On May 10, 2012, Michael Allan McNeil ("the Debtor") filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

On January 22, 2013, the Debtor's case was converted to a case under Chapter 7 of Title 11 of the United States Code (Doc. No.: 240).

Brian A. Goldman ("Trustee") was appointed the Chapter 7 Trustee.

On June 20, 2012, the Debtor filed a three (3) count complaint against Defendants in the Circuit Court of Maryland for Howard County in Case No.: 13-C-12-091223 seeking damages based on Defendants' alleged Breach of Contract and Legal Malpractice

1

(the "State Court Action").

The Debtor subsequently filed an amended complaint that included the same three (3) counts and additionally added counts of: Violation of Maryland State's Usury Laws, Fraudulent Retainer Agreement, and Fraudulent Claim.

Defendants have not denied any of the allegation before the Howard County Circuit Court, but have instead filed various motions to dismiss.

The current motions to dismiss that is before the Howard County Circuit Court is concerning the Plaintiff's McNeil standing to prosecute his case before that court due to the fact that he is in Chapter 7 Bankruptcy.

McNeil has since answered that motions and asked the Howard County Circuit Court for a stay until this court either compelled the Trustee to administrator the state claim or abandon it.

On March 15, 2013, McNeil filed a Motion to Compel the Trustee to Abandon Property, or in the Alternative, to Compel the Trustee to Administer Property.

On March 15, 2013, the Bankruptcy Trustee filed Trustee's Notice of Intent to Abandon Property identified as Personal Property. Filed by Brian A. Goldman

Sometime between March 15, 2013 and March 21, 2013 the Defendants in McNeil v. Weil contacted the Bankruptcy Trustee knowing that their aforementioned Motion to Dismiss in McNeil v. McNeil would most likely be denied since the Bankruptcy Trustee had given notice that he intends to abandon the state claim in McNeil v. Weil and agreed to a settlement of $20,000 which is a huge bargain to the Defendants since they are being

sued for $1,500,000.00.

The Bankruptcy's Trustee has since been appointed to represent the estate in McNeil v. Weil and has not yet entered his appearance in Howard County Circuit Court.

The Trustee and Defendants have agreed to compromise the State Court Action by having CNA Insurance pay to the Trustee the sum of $20,000 (the "Settlement Sum").

On March 22, 2013 the Trustee files his first Motion to Compromise Controversy (ECF 264).

On April 11, 2013, the Debtor filed an Objection to the the Trustee's first Motion to Compromise Controversy with Memorandum of Law (ECF 276).

On April 14, 2013, the Trustee files a response to the Debtor's Objection (ECF 276).

On May 1, 2013, this court heard Trustee's first Motion to Compromise Controversy and the Debtor's Objection and ruled the following concerning the Debtor's objection: "SUSTAINED BECAUSE TRUSTEE DID NOT MEET BURDEN OF PROOF." (ECF 291)

On May 10, 2013, this court entered a written order memorializing its ruling on May 1, 2013 sustaining the Debtor's objection to the Trustee's first Motion to Compromise Controversy.

On May 5, 2013, the Trustee files his Second Motion to Compromise Controversy proffering absolutely no new facts or evidence that which he did in his First Motion To Compromise (ECF 264), or his response to the Debtor's first objection (ECF 276), or

3

what he or other parties brought forth in the hearing for the first Motion to Compromise Controversy.

The Trustee by filing his Second Motion To Compromise is in reality asking this court for a second chance to argue his motion a second time with all the exact same evidence that this court has already seen during the aforementioned hearing.

Again as in the Trustee's first motion to compromise controversy, the Trustee in his motion gives no evidence that he has or has employed an attorney to review the state claim along with any discovery material to see if the claims have a possibility to prevail.

Again as in the Trustee's first motion to compromise controversy, the Trustee in his motion only gives his unsupported opinion with no argument in fact to back up his opinion that the compromise is fair and reasonable and in the best interest of the state.

It is self evident that from the actions of the Trustee by asking this court to appoint the Evan Goldman, a employee of the Trustee's first, to represent the estate in State Court, of which Evan Goldman has not even bothered to file an appearance in, and the fact that the Trustee has now filed two motions to compromise controversy, that the Trustee has NEVER had the intention to prosecute the State Court action.

The attorney by this court to represent the estate in the State Court action has demonstrated no due diligence as to the viability of the State Court action.

During the hearing for the First Motion to Compromise Controversy, the Trustee proffered that aforementioned State Court action was not viable due to the fact that the Debtor in that case failed to provide an expert witness in accordance with the schedule

4

2013-05-28 MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE AND OBJECTION TO TRUSTEE'S SECECOND MOTION TO COMPROMISE CONTROVERSY.odt

order. Here, the Trustee is mistaken in that in Maryland an expert witness is not required where it is clear from a laymen view that malpractice or a breach of a duty has occurred. Central Cab Co. v. Clarke, 259 Md. 551, 270 A.2d 662 (Md., 1970)

> There may well be cases where expert testimony is required in regard to whether the conduct of the attorney violates the standard of reasonable care or diligence in the particular situation. In our opinion, however, the present case is not one of those situations in which expert testimony is required. The failure of Clarke to notify Central of the termination of his employment thereby preventing Central from obtaining other counsel to appear and plead for it and thus avoiding a judgment by default against Central is such a clear violation of Clarke's duty as an attorney that the trial court should have ruled this as a matter of law. The situation in the instant case is analogous to cases involving medical malpractice in which a dentist pulled the wrong tooth, and our predecessors held in affirming a judgment for the plaintiff that there was no necessity for expert testimony to establish that a dentist should not pull the wrong tooth. McClees v. Cohen, 158 Md. 60, 148 A. 124 (1930). The same rule applies in cases in which physicians have done an obviously negligent act such as accidentally amputating the wrong arm, or negligently leaving a sponge in a patient's body. Rural Educational Ass'n v. Bush, 42 Tenn.App. 34, 298 S.W.2d 761 (1956) and Frederickson v. Maw, 119 Utah 385, 227 P.2d 772 (1951).

Due to the fact that the Second Motion To Comprise is virtually identical to the First Motion To Compromise, the reality is that that Second Motion To Compromise is in fact a Motion To Reconsider under Rule 59(e).

Currently the claims against the bankruptcy estate are approximately $250,000.00. Which means if the Debtor and or trustee in the state law suit would prevail the likelyhood is that all claims would be paid off 100%. The current pay off with the the Trustee's proposed settlement is less than 10 cents on the dollar not taking into consideration priority.

5

2013-05-28 MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE AND OBJECTION TO TRUSTEE'S SECECOND MOTION TO COMPROMISE CONTROVERSY.odt

The only parties that benefit from the proposed compromise are the Defendants in McNeil v. Weil and the Bankruptcy Trustee between his commission and his attorney's fees for a minimum of effort.

## II STANDARD OF REVIEW

### A. *Motion To Reconsider*

The United States Court of Appeals for the Fourth Circuit has adopted three limited grounds for granting a motion for reconsideration under Rule 59(e) that are essentially the same as those applied in the opinions referred to by Michael McNeil. In the Fourth Circuit, the three grounds for granting relief under Rule 59(e) are: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002). See also, Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Collison v. Int'l Chem. Workers, 34 F.3d 233, 236 (4th Cir. 1994); Hutchinson v. Stanton, 994 F.2d 1076, 1081(4th Cir. 1993); Keeler v. Acad. of Amer. Franciscan History, Inc. (In re Keeler), 273 B.R. 416, 420 (D. Md. 2002); In re Gates, 214 B.R. 467, 470 (Bankr. D. Md. 1997).

As the Fourth Circuit has said, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." Pac. Ins. Co., 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995)). In the Fourth Circuit's view,

"[i]n general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" Id. (quoting 11 Federal Practice and Procedure, at 124).

### B. *Motion To Compromise Controversy*

Under Bankruptcy Rule 9019[1], after notice and a hearing, the court may approve a compromise. See In re Frye, 216 B.R.166, 170 (Bankr. E.D.Va. 1997). In determining whether a proposed settlement should be approved, the court should make an informed, independent judgment as to whether a settlement is fair and equitable and in the best interest of the estate. See ProtectiveComm. for Indep. Stockholders of TM T Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); Official Comm. of Unsecured Creditors v. Venture (In re Bond), 16 F.3d 408, 1994 WL 20107 (4th Cir. 1994); In re Energy Cooperative, Inc., 886 F.2d 921 (7th Cir. 1989); In re Frye, 216 B.R. At 174.

In Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968), the Supreme Court instructed bankruptcy courts to "form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the

---

[1] Rule 9019. Compromise and Arbitration

    (a) Compromise. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

    (b) Authority To Compromise or Settle Controversies Within Classes. After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice.

    (c) Arbitration. On stipulation of the parties to any controversy affecting the estate the court may authorize the matter to be submitted to final and binding arbitration.

8

proposed compromise." The <u>TMT</u> case triggered various circuits to adopt a uniform standard for addressing a motion to approve compromise. See <u>Myers v. Martin (In re Martin)</u>, 91 F.3d 389, 393 (3d. Cir. 1996); <u>Wallis v. Justice Oaks II, Ltd. (In re Justice OaksII, Ltd.)</u>, 898 F.2d 1544, 1549 (11th Cir. 1990), cert. denied, 498 U.S. 959 (1990); <u>Martin v. Kane (In re A & C Properties)</u>, 784 F.2d 1377 (9th Cir. 1986), cert. denied, 479 U.S. 854 (1986); <u>Drexel Burnham Lambert Inc. v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.)</u>, 730 F.2d 1128(8thCir. 1984), cert. denied,469 U.S. 1207 (1985); <u>American Can Co. v. Herpel (In re JacksonBrewing Co.)</u>, 624 F.2d 605, 607 (5thCir. 1980).

While the Fourth Circuit has entered a couple of opinions regarding approval of compromises under Bankruptcy Rule 9019, it has not adopted a test employing definitive factors for consideration. In an unpublished opinion, the Fourth Circuit stated that compromises are favored in bankruptcy. <u>Official Committee of Unsecured Creditors v. White Plains Joint Venture (In re Bond)</u>, No. 93-1410, 16 F.3d 408, 1994 WL 20107 *3 (4th Cir. 1994). The ultimate inquiry is whether the settlement is in the best interest of the estate, and central to that determination is a "comparison of the settlement's terms with the litigation's probable cost and benefits." Id. Specifically, the Fourth Circuit set forth the following guidelines:

> The court must examine the terms of the proposed settlement, in light of the risks and rewards of not settling, and determine whether the proverbial bird in the hand is worth two in the bush. While this is not and cannot be the subject of a rigid, mathematical analysis, there must, nonetheless, be some type of correspondence between what is being given in connection with the compromise and what might be received if the dispute was prosecuted to its

9

ultimate conclusion.

In re Bond, 16 F.3d at *4 (citing In re Krizmanich, 139 B.R. 456, 460 (Bankr. N.D. Ind. 1992)). Courts within the Fourth Circuit have employed the following instructive test:

> (1) Probability of success in litigation;
> (2) The potential difficulties, if any, in collection;
> (3) The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and
> (4) The paramount interest of the creditors.

In re Frye, 216 B.R. 166, 174 (Bankr. E.D.V.A. 1997); U.S. ex rel. Rahman v. Oncology Assoc., P.C., 269 B.R. 139, 149 (D. Md. 2001); In re Buchanan, No. 99-09817-W, 2000 WL 33710888 *3(Bankr. D.S.C. 2000); see also Safeco Ins. Co. v. Yaeger (In re Magna Corp.), No. 01-80763C-7D, 2003 WL 22078082 *3 (Bankr. M.D.N.C. 2003)(employing a six-factor test). Under this four-part test, the movant has the burden of persuading the court that the compromise is fair and equitable and should be approved. In re Frye, 216 B.R. at 174. Employing this test is consistent with the guidelines set forth by the Fourth Circuit to consider the risks and rewards of settlement. In re Bond, 16 F.3dat *4.

**III Concerning Debtor's Standing**

This court has already ruled that the Debtor has standing to object when it heard the Trustee's First Motion To Compromise Controversy on May 1, 2013.

## IV ARGUMENT

### A. *Concerning Motion To Strike Trustee's Second Motion To Compromise*

As stated earlier in the Statement of Facts, the Bankruptcy Trustee when submitting to this court his Second Motion To Compromise is in fact asking this court to reconsider its interlocutory order that it made on May 1, 2013 substantiating the Debtor's objection to the Trustee's Motion and denying the Trustee's motion.

The Trustee in his motion does not proffer in his motion any grounds for relief such as "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice" but has instead took his first motion for compromise and his response to the Debtor's objection and resubmitted it to this court in hopes that he may do better the second time around with the exact same information that he had available and that the court review in hopes that with better weather that he may do better the second time before this court.

With this said, this court should simple strike or deny the Trustee's Motion To Compromise Controversy as a veiled Motion To Reconsideration that does not meet the Fourth Circuit's grounds for reconsideration. <u>Pac. Ins. Co., 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995))</u>

In essence, the Trustee should not be permitted to relitigate his motion before this court over and over again unless he has grounds for such relief as determined by the 4th

11

Circuit.

### B. *Concerning Objection To Trustee's Second Motion to Compromise*

As stated earlier the movant, the Bankruptcy Trustee has burden under the aforementioned four-part test as stated in the Standard of Review to persuade the court that the compromise is fair and equitable and should be approved. And the court has the duty to use its independent judgment and not simply "rubber stamp" the trustee's proposal. American Reserve Corp., 841 F.2d at 162.

The Chapter 7 Trustee's motion for compromise does not supply this court any information that would aid this court in applying the aforementioned four-part test, and by doing so, the Trustee is asking this court to be a "rubber stamp" and approve the settlement that he has agreed to enter into with the Defendants of McNeil v. Weil after he filed his intention to abandon the claim whereas the Defendant of McNeil v. Weil do to the fact that the would not prevail in their motion to dismiss would be forced to litigate a malpractice/breach of contract state law suit which they would be forced to explain to a jury trial that no their client didn't commit malpractice or breach of contract when he failed to bring all his clients financial records to trial during a hearing which was set up to determine his clients financial asset for a division of property which were that court afterwards made a determination that Weil's client's assets were far greater than which he actually had. This is just one example of the financial harm that the Defendant's in McNeil v. Weil would have to defend themselves before a jury whereas by jury would more than likely determine that the Defendant Weil being well past retirement years

12

failed to various duties that was under contract to perform which caused his client financial harm which ultimately lead to his clients financial ruin, loss of patently rights, and emotional harm. The Trustee in his motion gives this court no reasoning at all as to (1) Probability of success in litigation; (2) The potential difficulties, if any, in collection; (3) The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) The paramount interest of the creditors.

### A. As Probability of success in litigation;

Though only a fool would say that they have a slam dunk case and that they have a 100% chance that they would prevail. However, in McNeil v. Weil the likelihood that a jury would be angered at an attorney who was so negligent towards his client that he just simply "forgot" to bring his clients financial information to a hearing which would determine his client's financial liability is in itself fairly self evident of an attorney's complete disregard of his duty towards his client and adds credence to all the other allegation made for breach of contract and legal malpractice. And since all the allegation are supported with court records it is unlikely that the Defendant's would be able to mount any kind of defense.

### B. The potential difficulties, if any, in collection;

The Trustee's motion itself clearly indicates that the defendants in McNeil v. Weil are insured against the claims in McNeil v. Weil and that insurance company are the ones providing representation for the defendant in McNeil v. Weil. So collection should not be difficult at all.

### C. The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and

The law in the matter of McNeil v. Weil is straight forward and not novel at all. As it stands the case is almost at the verge to go to trial and only has one motion to dismiss which is mainly questioning the Plaintiff's standing due to the Chapter 7 Bankruptcy. The period for discovery is over, and the next two hearing are for the aforementioned motion to dismiss and the pre-trial hearing. Basically, the debtor has already done the bulk of the work.

### D. The paramount interest of the creditors.

The settlement that the Trustee is asking the court to approve would not even pay the creditor's 10 cents on the dollar, whereas a win in McNeil v. Weil would cause all the creditors to be paid off in full and would possibly yield a surplus to the Debtor.

### V Conclusion

The TRUSTEE'S SECOND MOTION TO COMPROMISE CONTROVERSY which in reality is a Motion To Reconsider gives this court no grounds as outlined by the 4th Circuit to reconsider his motion and should be stricken or denied. Furthermore the Trustee does not provide this court with a persuasive argument allowing this court to apply the aforementioned four-part test. The Trustee here is simply asking the court to "rubber stamp" the agreement he made with the defendants in McNeil v. Weil after they approached him after they realize that they were going to have to go to trial in McNeil v.

Weil in which they more than likelihood would loose. The proposed compromise is a huge win for the defendant in McNeil v. Weil and a huge loss for all the creditors who as a result would get pennies instead of being paid off in full. Additionally, the debtor in this case would have a loss in that he would loose the surplus if any along with continued with being saddled with undischargable debt. Therefore this court should deny the Trustee's motion.

Respectfully submitted,

_____
Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com

FILED
MAY 28 2013
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was served by first class mail, postage prepaid on May 28, 2013 to:

**Office of the United States Trustee**
101 W. Lombard Street
Suite 2625
Baltimore, MD 21201-2668

**Evan M. Goldman**
Goldman & Goldman, P.A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, MD 21093


Michael A. McNeil "Pro Se"
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
(410) 505-8617
mamcneil@gmail.com