FILED

UNITED STATES BANKRUPTCY COURT
FOR THE MARYLAND DISTRICT
BALTIMORE DIVISION

2013 JUL 18 PM 1:30

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

IN RE:                                           :       CASE NO. 12-18903-DER
                                                         CHAPTER 7
MICHAEL ALLAN MCNEIL
                                                 :

DEBTOR
                                                 :       OBJECTION TO PROOF OF CLAIM

Comes now Michael Allan McNeil, and respectfully objects to the Proof of Claim filed by Sarah P. McNeil

Information regarding the objection is as follows:

1. NAME AND ADDRESS OF CLAIMANT: Sarah McNeil, 4721 Middle Court, Ellicott City, MD 21043

2. Attorney of Record and Address: Cary Jacobson, The Drazin Law Center, P.A., 10420 Little Patuxent Parkway, Suite 100 Columbia, MD 21044

3. Date Original Claim File: September 11, 2012

4. Date Amended Claim Filed: Jun 18, 2013

5. Clerk Claim Number: Claim #6-1

6. The amended claim is identical to the original claim except for a reduction in the alimony portion of the claim which this court has already ruled upon. (ECF 161)

1

7. This court on November 7, 2012 where it heard the Debtor's objection (ECF 81) and the Creditor's response (ECF 128) filed by the Debtor's attorney of record Cary Jacobson.

8. This court sustained the the Debtor's objection in part reducing the amount of back owed alimony to $15,634.72 (ECF 161) from the claimed back owed alimony of $19,922.14.

9. Both the amended claim and the original claim show a claim for monetary award of $101,309.67.

10. This court on November 7, 2012 when hearing argument concerning the priority of the monetary award did not know of any law whereas a monetary award was to be treated as a Domestic Support Obligation nor was the court convinced by the Creditor that it fell into the definition of a Domestic Support Obligation since she did not provide any citations that it was, however this court reserved judgment giving the Creditor another opportunity to show to this court that monetary award should be treated as a Domestic Support Order and this court order the Creditor to submit a legal memorandum by November 26, 2012 and that the Debtor to respond by December 11, 2012.

11. The Creditor to this date has <u>never</u> filed the so ordered legal memorandum, but has now filed yet another virtually identical claim, that the clerk of the court has docketed as an amended claim.

12. Neither party has appealed this court's order concerning this matter.

13. Do to the fact that this court on November 7, 2012 did not determine that the monetary award in the amount of $101,309.67 is not a Domestic Support Obligation, and only reserved judgment until or if the Creditor filed a memorandum of law no later that November 26, 2012, which the Creditor chose not to do, the Creditor is now barred by the operation of law due to the doctrines of the "Law of the Case", "Collateral Estoppel", and "Res Judicata" from re-litigating this same matter again.

14. Furthermore, the Creditor in state court proceedings as litigated concerning clarification of the Judgement of Absolute Divorce concerning the family residence that she is able to refinance the once family home and that do to various issues, the state court has issued an orderer that if she at some time in the future is able to refinance the home and take the Debtor off the title she is permitted to and in accordance with the divorce order that the Creditor attached to her claim on page 18 of the Creditor's claim (The Judgement of Absolute Divorce) the monetary award will be $68,414.38.

15. It should be noted that the state court's order for clarification in on appeal to the Maryland Court of Special Appeals.

16. The Creditor should be barred from making a claim in state court that she is able to enact the provisions of its orders to refinance the family residence whereas that court's monetary award would be only $68,414.38 and then perusing in this court a claim for $101,309.67 representing to this court that she is not going to enact the provisions of the aforementioned state order and thus reaping an additional

benefit gaining $32,895.29 more that what she is entitled to.

17. The Creditor by making representations in state court and even before this court by asking for a lift of stay which was granted so that she could refinance the once family home whereas the monetary award would be reduced to $68,414.38 by operation of the state court's order that she provides in her claim, should be Judicially Estoppel from making claims in this court that she is not going to refinance as thus the monetary order would be $101,309.67.

18. The Creditor by filing her claim has filed it in bad faith and is clearly trying to claim more monies that she is entitled to at the expense of the other creditors and the debtor.

19. The Creditor is barred by the doctrines of the "Law of the Case", "Collateral Estoppel", and "Res Judicata" from re-litigating this same matter.

WHEREFORE, Debtor requests that the amended claim of the creditor be disallowed and or reduced.

*/s/*

Michel A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD  21046
410-505-8617
mamcneil@gmail.com

4

## NOTICE

If the relief sought in this Motion is opposed, a written response to the Motion must be filed within thirty (30) days after the date on the certificate of service of the objection, the claimant may file and serve a memorandum in opposition, together with any documents and other evidence the claimant wishes to attach in support of its claim, unless the claimant wishes to rely solely upon the proof of claim; and an interested party may request a hearing that will be held at the court's discretion.

The Court is authorized to grant the relief requested without further notice should a timely response not be filed.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection to Proof of Claim was served on the parties listed below by ordinary U.S. Mail this 18th day of July 2013.

Cary Jacobson
The Drazin Law Center, P.A.
10420 Little Patuxent Parkway, Suite 100
Columbia, MD 21044

Sarah P. McNeil
4721 Middle Court
Ellicott City, MD 20145

Michel A. McNeil
7014 Gentle Shade Road
Apartment 402
Columbia, MD 21046
410-505-8617
mamcneil@gmail.com

FILED
2013 JUL 18 PM 1:30
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

2013-07-18 Objection to Claim Number 6-1.odt