**SO ORDERED**



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **MICHAEL A. McNEIL,** | ) | Case No. 12-18903-DER |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |

**ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTION
OF MICHAEL McNEIL TO CLAIM NO. 6-2 FILED BY SARAH McNEIL**

Before the court for consideration is the Objection to Proof of Claim filed by Michael A. McNeil on July 18, 2013 [Docket No. 302] (the "Objection") with respect to the proof of claim filed herein by Sarah P. McNeil on June 18, 2013 [Claim No. 6-2]. The Objection was duly served and Sarah McNeil has not filed a timely opposition. A hearing is not needed for the court to make a ruling on the Objection. For the reasons that follow, the Objection will be sustained in part and overruled in part.

In Claim No. 6-2, Sarah McNeil asserts a claim of $14,908.42 for pre-petition alimony arrearages and of $101,309.67 for a monetary award, both of which stem from orders entered by

the Circuit Court for Howard County, Maryland (the "Circuit Court") in the hotly contested divorce and family law matter pending in that court and docketed as McNeil v. McNeil, Case No. 13-C-08-075254.  Based upon my review of Claim No. 6-2, it appears Claim No. 6-2 was intended by Sarah McNeil to amend her earlier proof of claim [Claim No. 6-1] to reduce the amount of her claim for pre-petition alimony.  As pointed out correctly by Michael McNeil, Claim No. 6-2 does appear to reassert that Sarah McNeil's claims for both pre-petition alimony and a monetary award are domestic support obligations entitled to treatment as priority claims under 11 U.S.C. § 507(a)(1).

The question of the priority status of Sarah McNeil's pre-petition alimony and monetary award claims has already been decided by this court and, as Michael McNeil asserts in his Objection, she cannot litigate that issue for a second time by filing an amended proof of claim.  For the reasons stated in this court's Supplemental Order on Allowance of Claim No. 6 of Sarah McNeil entered on December 21, 2012 [Docket No. 215] (the "Supplemental Order"), Sarah McNeil's claim for pre-petition alimony is (and has been allowed as) a domestic support obligation entitled to treatment as a priority claim and her monetary award is (and has been allowed as) a general unsecured claim.

Michael McNeil also argues that Sarah McNeil's monetary award claim should now be allowed in the lesser amount of only $68,414.38 by reason of the Circuit Court's confirmatory order that Sarah McNeil is entitled to sole title to the family residence at 4721 Middle Court, Ellicott City, Maryland (the "Property") once she completes a refinancing of the existing mortgage obligation secured by the Property.  As indicated in the Supplemental Order, the allowed amount of the monetary award claim should be reduced in the event Sarah McNeil is successful in acquiring sole title to the Property upon refinancing pursuant to the terms for the

monetary award claim in the Judgment of Absolute Divorce entered by the Circuit Court. Although the Circuit Court has confirmed that Sarah McNeil still has the right to acquire sole title to the Property by refinancing the mortgage, Michael McNeil continues to dispute that right and states in his Objection that he has appealed the Circuit Court's confirmatory order to the Court of Special Appeals of Maryland.  Until that dispute is resolved and Sarah McNeil actually acquires sole title to the Property, her monetary award claim should remain allowed as an unsecured claim in the amount of $101,309.67.[1]

**ACCORDINGLY**, the Objection should be sustained in part and overruled in part as hereinafter provided, and it is, by the United States Bankruptcy Court for the District of Maryland, sitting at Baltimore,

**ORDERED**, that Claim No. 6-1, as amended by Claim No. 6-2, is ALLOWED as a domestic support obligation entitled to priority status under 11 U.S.C § 507(a)(1) in the amount of $14,908.42 for pre-petition alimony to be paid to the creditor, Sarah McNeil, to and through the Department of Human Resources Office of Child Support Enforcement; and it is further,

**ORDERED**, that Claim No. 6-1, as amended by Claim No. 6-2, is ALLOWED as a general unsecured claim in the amount of $101,309.67 for the monetary award to Sarah McNeil, without prejudice to reconsideration of the allowed amount of such claim if Sarah McNeil is ultimately successful in obtaining sole title to the Property as a result of the litigation pending in the Maryland courts; and it is further,

---

[1]  The allowed amount of Sarah McNeil's monetary award claim may prove to be an academic exercise.  General unsecured claims will receive a distribution, if at all, only after payment of administrative expense and priority claims.  Based upon events in this case thus far, it seems likely that the assets liquidated by the Chapter 7 trustee will not be sufficient to pay allowed priority claims in full.  This issue may be depend upon the outcome of Michael McNeil's appeals of the orders allowing the priority claims of Stephen Drazin and Peter Makuski, which appeals are pending before the United States District Court for the District of Maryland.  See McNeil v. Markuski, Civil Action No. 1:12-CV-03706-WDQ, and McNeil v. Drazin, Civil Action No. 1:12-CV-03819-WDQ.

**ORDERED**, that any and all other relief sought in the Objection or in Claim No. 6-2 is DENIED.

cc: Michael A. McNeil
Sarah P. McNeil
Carey Jacobson, Esq.
Brian A. Goldman, Chapter 7 trustee
Mark A. Neal, Assistant United States Trustee

**-- END OF ORDER --**