**SO ORDERED**



DAVID E. RICE
U.S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re: ) | |
| ) | |
| **MICHAEL A. McNEIL,** ) | Case No. 12-18903-DER |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |

**ORDER ON MOTION TO COMPEL THE TRUSTEE
TO ABANDON PROPERTY, OR IN THE ALTERNATIVE,
<u>TO COMPEL TRUSTEE TO ADMINISTER PROPERTY</u>**

Before the court for consideration is the Motion to Compel the Trustee to Abandon Property, or in the Alternative, to Compel Trustee to Administer Property [Docket No. 317] (the "Motion") filed by Michael A. McNeil on September 10, 2013. Michael McNeil is the debtor in this case and represents himself. The Motion was duly served on creditors and on Brian A. Goldman, the Chapter 7 trustee (the "Trustee"). Neither the Trustee nor any creditor filed an opposition to the Motion, and their time within which to do so has expired. For the reasons that follow, I conclude that the request for abandonment should be granted.

The Motion asks this court to enter an order pursuant to 11 U.S.C. § 554(b) and Rule 6007(b) of the Federal Rules of Bankruptcy Procedure that compels the trustee to abandon, or in the alternative to administer, certain pending and possible state court litigation. Michael McNeil filed an Amended Schedule B – Personal Property [Docket No. 316] on September 10, 2013 (the same day on which he filed the Motion). In his Amended Schedule B, Michael McNeil provides for the first time an attachment to Schedule B(35) that lists the various pending and possible litigation claims that he asserts have a value of $225,000,000 [Docket No. 316, Pages 4 and 5] (the "New List of Litigation"). A similar, but not identical, list of litigation with an alleged value of $225,000,000 was attached to the Statement of Financial Affairs filed by Michael McNeil in the early days of this case [Docket No. 14, Page 12] (the "Original List of Litigation").

At this point, the primary difference between the Original List of Litigation and the New List of Litigation is that Michael McNeil now asserts as potential assets of his bankruptcy estate litigation and/or potential litigation claims against V. Peter Markuski (the "Alleged Markuski Claims").[1] Peter Markuski was appointed by the Circuit Court for Howard County, Maryland ("Circuit Court") to represent the best interests of the minor children of Michael McNeil in connection with the hotly contested divorce and family law action pending between Michael McNeil and his now ex-wife, Sarah P. McNeil. As Michael McNeil has made clear at numerous

---

[1] The New List of Litigation also mentions for the first time breach of contract and malpractice claims asserted by Michael McNeil against Henry E. Weil and the law firm of Belli, Weil & Grozbean, P.C., the attorneys who formerly represented Michael McNeil in the Circuit Court (the "Weil Litigation Claims"). Those claims were settled by the Trustee pursuant to an agreement approved by this court's Order Approving Second Compromise of Controversy entered on July 26, 2013 [Docket No. 309]. The Trustee previously abandoned all real and personal property assets originally scheduled by Michael McNeil other than the Weil Litigation Claims by means of a Second Notice of Abandonment filed March 22, 2013 [Docket No. 265]. Thus, the Alleged Markuski Claims are the only property to which Michael McNeil's Motion could pertain.

hearings before this court and in numerous pleadings filed in this case, he (i) contests the validity of the appointment of Peter Markuski by the Circuit Court, (ii) disputes the fees awarded to Peter Markuski by the Circuit Court for representation of the best interests of his children, and (iii) intends to assert any number of other claims against Peter Markuski stemming from his role as the best interests attorney for Michael McNeil's children.  As this court interprets the Motion, Michael McNeil is asking this court to enter an order that compels the Trustee to either abandon the Alleged Markuski Claims or, in the alternative, administer them on behalf of the bankruptcy estate (which is to say undertake the prosecution of them).  As Michael McNeil acknowledges in the Motion, the viability of the Alleged Markuski Claims is dependent upon the outcome of appeals taken by him from the adverse decisions of the Circuit Court.  This court need not decide the merits (nor await the outcome) of those appeals to rule on the Motion.

Under § 554(b) of the Bankruptcy Code, the court may order a trustee to abandon property of the estate on motion of a party in interest if the property "is of inconsequential value and benefit to the estate."  As the debtor in this case, Michael McNeil is a party in interest who has standing to file a motion pursuant to Bankruptcy Rule 6007(b) requesting an order that requires the Trustee to abandon property of the estate such as the Alleged Markuski Claims.  Neither the Trustee nor any creditor has opposed the Motion.  Moreover, the Trustee has taken no action in this case to date that would indicate he believes the Alleged Markuski Claims should be administered for the benefit of creditors.  Based upon the many hearings previously conducted in this case, I have no reason to believe that the Alleged Markuski Claims should be administered by the Trustee.  The cash assets of this estate are limited and there is no reason to require the Trustee to expend those limited assets in prosecution of litigation when (i) the Trustee has no apparent inclination to undertake the litigation, and (ii) no creditor has come forward to

suggest that it would be in the interest of creditors for him to do so. I thus find that the Alleged Markuski Claims are property of the estate that is of inconsequential value and benefit to the estate.

Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland, sitting at Baltimore,

ORDERED, that the Alleged Markuski Claims should be, and they hereby are, DEEMED ABANDONED by the Trustee; and it is further,

ORDERED, that any and all other relief requested in the Motion should be, and it hereby is, DENIED.


cc:  Michael A. McNeil
     Brian A. Goldman, Chapter 7 Trustee
     Mark A. Neil, Assistant United States Trustee


**-- END OF ORDER --**