IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

|  |  |
|---|---|
| In re: | * |
|  | *  **Case No. 12-18903** |
| **MICHAEL ALLAN McNEIL** |  |
| *Debtor* | *  Chapter 13 – Judge Rice |
| * * * * * * * * | * * * * * * * * |
| **STEPHEN DRAZIN, ESQUIRE** | * |
| and | * |
| **SARAH McNeil** | * |
| *Movants* | * |
| v. | * |
| **MICHAEL ALLAN McNEIL** | * |
| *Respondent* | * |
| and | |
|  | * |
| **BRIAN A. GOLDMAN** | |
| *Trustee* | * |
| * * * * * * * * * | * * * * * * * * |

**MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT MOVANT TO PROCEED WITH PETITIONS FOR ATTORNEYS' FEES, WITH OBTAINING QUALIFIED DOMESTIC RELATIONS ORDER(s), WITH GARNSHMENT OF WAGES RELATED TO ADJUDICATED PRIORITY DEBTS – ALL WITHIN STATE COURT PROCEEDING**

The Movants, Stephen A. Drazin, Esquire and Sarah McNeil, (hereinafter individually and collectively referred to as "Movant"), by and through their attorney, Cary C. Jacobson, Esquire and The Drazin Law Center, P.A., respectfully represents unto this Honorable Court as follows:

1) This is a contested matter seeking relief from the automatic stay of Section 362 of the Bankruptcy Code to permit Movant (a) to Proceed with Petitions for Attorney's Fees in a State Court Proceeding; including having the same reduced to Judgment(s), (b) to Proceed with Obtaining the Qualified Domestic Relations Order as ordered by the State Court in connection with the Debtor's prior Divorce and Custody/Support proceedings concerning the division of marital (retirement) property and payment of attorneys' fees and costs, and (c) to proceed with garnishments of wages pertaining to the due adjudicated attorneys' fees and costs. These matters are within the jurisdiction of this Court pursuant to U.S.C. 1334, 28 USC 157 and Bankruptcy Rules 4001 and 9014.

2) On May 10, 2012, the Debtor: Michael A. McNeil filed a petition in this Honorable Court for relief pursuant to 11 U.S.C. Chapter 13. His case was subsequently converted to a Chapter 7 on January 22, 2013.

3) Movant Drazin is an attorney admitted to practice before the Court of Appeals of Maryland, with over twenty (20) years of experience in the field of Family Law.

4) Movant McNeil is the former spouse of the Debtor.

5) Movant Drazin, and subsequently the undersigned, have represented Sarah McNeil since November 2008 in her contested family law case in the Circuit Court for Howard County, Maryland – Case No. 13-C-08-75254 (the "Domestic Litigation").

6) Throughout the Domestic Litigation, prior to the Petition Date, the Movant filed petitions for awards of attorney's fees in connection with his representation of Ms. McNeil, which were granted.

7) On December 27, 2010, as part of the Debtor's Judgment of Absolute Divorce, the Circuit Court for Howard County awarded Movant attorney's fees and costs against the Debtor in the amount of $36,788.26; however, due to (ultimately unsuccessful) Appeal(s) filed by the Debtor, this amount was not reduced to a Judgment in favor of the Movant (and against the Debtor) until April 24, 2012.

8) To date, the Debtor has paid nothing towards the December 27, 2010 Award or April 24, 2012 Judgment.

9) This Court has already adjudicated the $36,788.26 (and the post-petition interest earned thereon at the legal rate) to be non-dischargeable "Priority" debt.

10) On December 8, 2011, the Circuit Court for Howard County granted Movant McNeil's Supplemental Petition for Attorney's Fees and Costs for the period ending November 3, 2011 in the amount of $18,242.33. It is noted, albeit the Award/Order provides for the entry of a Judgment if the award is not satisfied – due to the Debtor's Bankruptcy proceeding, this Award has not yet reduced to a Judgment.

11) To date, the Debtor has paid nothing towards the December 8, 2011 Award.

12) This Court has already adjudicated the $18,242.33 to be a non-dischargeable "Priority" debt.

13) Both the $36,788.26 Judgment and $18,242.33 Award have been ratified by the Appellate Court – after the Debtor appealed the same - as Priority debts due Movant Drazin.

14) The Movant, and the undersigned, provided substantial services related to custody/support on behalf of Movant McNeil, within the Circuit Court for Howard County, MD, for the period of November 3, 2011 until the Debtor's Petition Date of May 10, 2012 – for all of which Movant McNeil asked for attorneys' fees and costs within the State Court. The total attorneys' fees and costs incurred during this period (November 3, 2011 through May 09, 2012) was $9,582.46. To date, due to the Debtor's Bankruptcy proceeding, these fees and costs have not yet been reduced to an Award or Judgment.

15) Additionally, there have been at least another five (5) State Court appearances within the Circuit Court for Howard County, MD, since the Debtor filed his initial Chapter 13 Petition, dealing primarily with the Debtor's mainly unsuccessful

attempts to have his former spouse (Ms. McNeil) held in contempt, or to have support and/or custody and/or visitation modified; including: May 14, 2012, May 16, 2012, July 19, 2012, January 28, 2013 and March 12, 2013.  The total attorneys' fees and costs incurred by Movant McNeil during this period (May 10, 2012 through March 12, 2013) was $17,299.59.  To date, due to the Debtor's Bankruptcy proceeding, these fees and costs have not yet been reduced to an Award or Judgment.

16) Since March 13, 2013, Movant McNeil has incurred additional attorneys' fees and costs (due to Movant Drazin and) directly related to the Debtor's actions and conduct within the State Court proceedings and directly related to the custody/support of Movant McNeil's children (as well as herself).  The total attorneys' fees and costs incurred by Movant McNeil during this period (March 13, 2013 through December 04, 2013) was $1,104.58.  To date, due to the Debtor's Bankruptcy proceeding, these fees and costs have not yet been reduced to an Award or Judgment.

17) Furthermore, the Debtor has filed at least four (4) unsuccessful appeals to the Court of Special Appeals in Maryland (from various Circuit Court for Howard County, MD Judgments/Orders) since November 3, 2011; specifically: September Term 1991 filed November 16, 2011, September Term 2343 filed January 17, 2012, September Term 362 filed May 6, 2013, and September Term 735 filed June 15, 2013.  Excluding any appeals from any of the Debtor's Bankruptcy or Adversarial Proceedings or Federal Law Suits and/or Defamation Law Suits (all brought against one or more of the within Movants), the total attorneys' fees and costs incurred by Movant McNeil related to the Debtor's unsuccessful Appeals was $16,675.29.  To date, due to the Debtor's Bankruptcy proceeding, these fees and costs have not yet been reduced to an Award or Judgment.

18) Due to the above, the Movant requests this Court to lift the automatic stay to (a) authorize the Movant to file with the Circuit Court for Howard County, Maryland, a Petition for Attorneys' Fees and costs incurred from November 4, 2011 through

the Petition Date, and for attorneys' fees incurred thereafter (i.e., currently, an aggregate of $44,661.92 that has not yet been reduced to an award or judgment); (b) allow the Circuit Court for Howard County to enter such Orders and Judgments related to any award of attorneys' fees and costs that it deems fit in this underlying domestic matter, and (c) allow the subsequent collection of any such judgments (past or future) via garnishments (wage or otherwise) against the Debtor.

19) The Debtor and Movant McNeil's Judgment of Absolute Divorce, entered on December 27, 2010, by the Circuit Court for Howard County, MD, provided within its pertinent Section the following:

> ***ORDERED***, *that, pursuant to the factors within the Family Law Article § 8-205 and as set forth in the Court's Supplemental Memorandum, the Plaintiff, Sarah McNeil, is hereby awarded a Monetary Award of Sixty-eight Thousand, Four Hundred and Fourteen Dollars and Thirty-eight Cents ($68,414.38) in her favor against the Defendant to achieve an overall equitable distribution of fifty percent (50%) of the Marital Property to each party, which in the event that the Plaintiff is able to refinance the Marital Home and complete the successful transfer of said home in accordance with the terms of this Order or, in the alternative, if the Plaintiff is unable to refinance the Marital Home and complete the successful transfer thereof then the Plaintiff is hereby awarded a Monetary Award of One Hundred One Thousand, Three Hundred Nine Dollars and Sixty-seven Cents ($101,309.67); and, it is further,*
>
> ***ORDERED***, *that counsel for the Plaintiff shall deliver two draft Orders to this Court for execution of an appropriate Qualifying Court Order, or Qualified Domestic Relations Order, or IRA/401(k) Transfer Order to transfer the appropriate aggregate sum consistent with this Judgment with the Court expressly reserving jurisdiction to enter one of the alternative draft Orders and/or amend the same as follows: (1.) the*

*first draft is to transfer the aggregate sum of Sixty-Five Thousand, Two Hundred Eighty-One Dollars and Five Cents ($65,281.05), which is fifty percent (50%) of the account's value of Defendant's Verizon Savings Plan (no. : xxx90276) to the Plaintiff and (2.) the second draft is to transfer the aggregate sum of Seventy-Eight Thousand, Three Hundred Thirty-Seven Dollars and Twenty-Six Cents ($78,337.26), which is sixty percent (60%) of the value of Defendant's Verizon Savings Plan (no.: xxx90276) to the Plaintiff; and it is further*

***ORDERED and CONFIRMED****, that the Defendant's above reference Verizon Savings Plan (no.: xxx90276) shall remain "frozen" and thus the Defendant shall continue to be enjoined from removing or transferring any funds from said Verizon Savings Plan until the above transfer may be effectuated; and it is further*

20) To date, first due to the Debtor's first series of unsuccessful appeals, secondly due to the Debtor's Bankruptcy action, and lastly due to the litigation and appeals concerning the transfer of the marital home – albeit the marital home has been successfully transferred – the Circuit Court has not entered the appropriate Qualifying Court Order, or Qualified Domestic Relations Order, or IRA/401(k) Transfer Order to transfer the appropriate aggregate sum consistent with its Judgment in the amount of Sixty-eight Thousand Four Hundred and Fourteen Dollars and Thirty-eight Cents ($68,414.38).

21) Due to the above, the Movant requests this Court to lift the automatic stay to allow the Circuit Court for Howard County to enter the appropriate Qualifying Court Order, or Qualified Domestic Relations Order, or IRA/401(k) Transfer Order to transfer the appropriate aggregate sum consistent with its Judgment in the amount of Sixty-eight Thousand Four Hundred and Fourteen Dollars and Thirty-eight Cents ($68,414.38).

**WHEREFORE**, Movant Stephen A. Drazin, Esquire and Movant Sarah McNeil respectfully requests the entry of an Order:

(a) Modifying the automatic stay pursuant to 11 U.S.C. 362 to permit the Movant to petition and be awarded (via Judgment or otherwise), as determined by the Circuit Court for Howard County, Maryland, pre-petition attorneys' fees on behalf of Ms. McNeil for the period of November 4, 2011 through the Petition Date of May 10, 2012;

(b) Modifying the automatic stay pursuant to 11 U.S.C. 362 to permit the Movant to petition and be awarded (via Judgment or otherwise), as determined by the Circuit Court for Howard County, Maryland, post-petition attorneys' fees incurred on behalf of Ms. McNeil;

(c) Modifying the automatic stay pursuant to 11 U.S.C. 362 to permit the Movant to garnish the above Priority Debt from the Debtor's wages or assets;

(d) Modifying the automatic stay pursuant to 11 U.S.C. 362 to permit the Circuit Court to enter the appropriate Qualifying Court Order, or Qualified Domestic Relations Order, or IRA/401(k) Transfer Order to transfer the appropriate aggregate sum consistent with its Judgment in the amount of Sixty-eight Thousand Four Hundred and Fourteen Dollars and Thirty-eight Cents ($68,414.38) pursuant to the Debtor and Movant McNeil's Judgment of Absolute Divorce; and,

(e) For such other and further relief as this Honorable Court may seem just and proper.

Respectfully Submitted

October 14, 2014

/s/ Cary C. Jacobson (Bar No.: 29300)
Cary C. Jacobson, Esquire
THE DRAZIN LAW CENTER, P.A.
10420 Little Patuxent Parkway
Suite 100
Columbia, MD 21044
CJacobson@DrazinLaw.com
410-730-6536